## WILSON v. UNITED STATES.

### No. 10961.

United States Court of Appeals
District of Columbia Circuit.

Argued June 16, 1952.

Decided July 10, 1952.

Curtis P. Mitchell, Washington, D. C., with whom DeLong Harris and Frank D. Reeves, Washington, D. C., were on the brief, for appellant.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom Charles M. Irelan, U. S. Atty., Washington, D. C., was on the brief, for appellee. Lewis A. Carroll, Asst. U. S. Atty., Washington D. C., entered his appearance for appellee. George Morris Fay, U. S. Atty., Washington, D. C., at the time the record was filed, and Richard M. Roberts, Joseph A. Sommer and Joseph F. Goetten, Asst. U. S. Attys., Washington, D. C., at the time the record was filed, also entered their appearances for appellee.

Before WILBUR K. MILLER, PROCTOR and BAZELON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

The first three counts of a four-count indictment against Charles C. Wilson charged that on or about October 14, 1950, he made an assault with a loaded pistol on three persons named therein. The fourth count charged that on the same occasion he "carried a pistol on or about his person without a license having been issued as provided by law." A jury in the United States District Court for the District of Columbia found him not guilty under the first three counts but found him guilty under the fourth count. Sentenced to one year's imprisonment, he appeals.

The proof was that about 11:30 p.m. on October 14, 1950, Wilson, accompanied by

two women, stopped his car in front of a house at 615 Second Street, N. E. One of the women got out of the car and went into the house. Wilson also got out and seated himself on the right front fender of the automobile. Soon after, the woman emerged from the house followed by a disorderly group of men and women, who began an attack on Wilson. He retreated to the driver's side of the car, opened the door, pushed the driver's seat up, and obtained a pistol which was on the floor of the car. As he backed away from his pursuers, Wilson fired three shots, inflicting slight wounds on the victims named in the first three counts of the indictment. His theory of self-defense as to those three counts was accepted by the jury.

■ With respect to the fourth count the trial judge charged the jury:

"Now, if you believe beyond a reasonable doubt, as defined by the Court to you, that Wilson had in his hand on the night in question a deadly weapon, to-wit, a loaded pistol, then he is guilty under the fourth count.

"* * * It makes no difference, in so far as that particular charge is concerned, whether at that time he was in danger of death or grievous bodily harm or not. * * * If you find beyond a reasonable doubt that he had in his hand a loaded pistol, for which he did not have a license, then he is guilty under the fourth count."

This instruction was erroneous, as in practical effect it told the jury to find Wilson guilty under the fourth count. The exigencies of the occasion justified Wilson in obtaining a weapon and using it in his self-defense, so the fact that he had the pistol in his hand as he fired at his pursuers should not have been the basis of an instruction or a conviction under the fourth count. His guilt under that count depended upon whether, in having a loaded pistol under the driver's seat of his automobile, he had the weapon "on or about his person" in violation of the statute.[1] The automobile seems to have been of a two-door body type with the driver's seat hinged at the front to permit it to be swung upward and forward for the convenience of persons desiring to get in or out of the back seat. In Brown v. United States, 1929, 58 App.D.C. 311, 312, 30 F.2d 474, 475, this court said in a somewhat similar case:

"* * * To rule that the weapon must be on the person would make possible the carrying of a deadly weapon concealed on the seat of an automobile, where it would be more readily accessible than it would be if concealed on the person. No such result is contemplated or permitted by the statute.

"We rule therefore, that the words 'concealed about his person,' as used in the statute, were intended to mean and do mean concealed in such proximity to the person as to be convenient of access and within reach."

■ The wording of the statute has been slightly changed since the Brown opinion was written, but the principle remains the same. The question here was whether, in having a loaded pistol under the hinged front seat of his automobile so that he could get it by alighting from the car and tilting the driver's seat upward and forward, Wilson had the weapon, in the language of the Brown case, "in such proximity to the person as to be convenient of access and within reach." That is the issue which should be submitted to the jury if there is a second trial under the fourth count of the indictment, and if the evidence is as it was before.

Reversed.

1. Section 22-3204, D.C.Code 1940.