**Luther L. POWELL, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4513.**

District of Columbia Court of Appeals.

Argued July 22, 1968.

Decided Oct. 24, 1968.

William J. Garber, Washington, D. C., appointed by this court, for appellant.

John James McKenna, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Judith Ann Wilson, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and FICKLING, Associate Judges.

HOOD, Chief Judge:

Appellant, the only occupant of a stopped automobile, was asked by the police officer where was the gun which supposedly appellant had just previously fired at another man. Appellant replied he had no gun. With appellant's permission, the officer looked in the automobile and found a .22 caliber pistol under the driver's side of the front seat. The pistol was loaded and contained one empty shell.

Appellant was charged with carrying a pistol without a license.[1] His defense was that the automobile belonged to his brother, that he did not know to whom the pistol belonged, and that he was unaware that the pistol was in the automobile. He was found guilty and on this appeal makes two claims of error.[2]

■ It is first claimed that there is nothing in the record to establish probable cause for the search and consequently it was error to admit the gun in evidence. When the Government sought to have the officer detail the complaint which led to his questioning of appellant, appellant's trial counsel objected and his objection was sustained. Appellant cannot now say the Government failed to prove that which he objected to its proving.

■ The second claim of error is that on the basis of the entire record appellant was entitled to a judgment of acquittal. The argument appears to be that assuming appellant had possession of the automobile and consequently possession of its contents, he could not be guilty of the charged offense without some proof of his knowledge that the gun was in the automobile.[3] The Government did not offer any direct proof of appellant's knowledge of the gun, but in our opinion there was sufficient circumstantial evidence from which the trial court, as trier of the facts, could infer knowledge. Furthermore, no motion for judgment of acquittal was made at the conclusion of the evidence. Trial counsel in final argument stated that the case "boils down to a matter of credibility." Credibility of witnesses is a question for the trial court and not for this court.

Affirmed.

1. D.C.Code 1967, § 22–3204.

2. Present counsel did not represent appellant at trial.

3. See Cooke v. United States, 107 U.S. App.D.C. 223, 275 F.2d 887 (1960).