**James E. LUCAS, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4708.**

District of Columbia Court of Appeals.

Submitted March 3, 1969.

Decided Aug. 26, 1969.

John J. Dwyer, Washington, D. C., for appellant.

David G. Bress, U. S. Atty., Frank Q. Nebeker and Clarence A. Jacobson, Asst. U. S. Attys., for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

HOOD, Chief Judge.

This appeal is from a conviction for carrying a dangerous weapon.[1] The basic facts are not in dispute.

Two police officers were on the parking lot of a restaurant at 4:30 in the morning, conducting their customary check of the premises while escorting the night manager of the restaurant to his car. This routine had developed after a former manager had been assaulted while leaving the restaurant and forced at gunpoint to return to the restaurant and open the safe. The officers saw a car parked near the manager's car. Otherwise the lot was empty as the restaurant had closed several hours earlier. The officers approached the car and saw appellant sitting in the driver's side of the front seat. One officer went to the side of the car and asked appellant what he was doing there. He also asked for some identification, and shining his flashlight in the car saw two persons lying down in the car, one on the front seat and the other on the rear seat. Appellant explained that they had been drinking and had fallen asleep. The officer observed a number of beer bottles strewn about the car and then his attention was focused on a small object lying on the floor. It appeared to be (and subsequently proved in fact to be) a .38 caliber cartridge. The officer then pulled the door open and ordered the occupants out. On opening the door the officer saw a chrome-plated revolver lying near the bottom of the front seat. Appellant was then placed under arrest.

Appellant's major contention on appeal is that his motion to suppress the pistol should have been granted. In addition, appellant contends that the pistol was not in his "possession" within the meaning of the statute. This latter contention has little merit. If the weapon were sufficiently close to appellant as to be within his reach —and the evidence clearly indicates it was —he was in violation of the statute. Wilson v. United States, 91 U.S.App.D.C. 135, 198 F.2d 299 (1952).

Appellant's motion to suppress was grounded on two alternative theories: (1) that the arrest occurred when the officers first approached appellant's car, that there was then no probable cause for an arrest, and any search conducted thereafter was illegal; (2) that if the arrest occurred after the search, such search was illegal because effected without probable cause.

In our view of the case no "search" actually occurred. Under the facts disclosed the officers were fully justified in approaching the car and questioning the occupants. Merely viewing the inside of the car, even with the aid of a flashlight, did not constitute a search. When the officer saw the bullet, he had probable cause to believe that there was a dangerous weapon in the car and was justified in making an arrest. D.C.Code 1967, § 23–306. When he opened the door, the revolver was in plain sight.

Appellant argues that the mere presence of a bullet in the car is not sufficient to create probable cause for believing a gun is also present. Perhaps this argument is valid as a matter of abstract logic, but the standard for judging the existence of probable cause is not what a logician would conclude. It is what a reasonably prudent police officer, considering the total circumstances confronting him and drawing from his experience, would believe. Bell v. United States, 102 U.S.App.D.C. 383, 254 F.2d 82, cert. denied, 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958). In this case the facts known to the

---

1. D.C.Code 1967, § 22–3204.

**576**

officer, and the circumstances confronting him, were sufficient to provide him with cause to believe that a gun was in the car and thus justify his actions.

Affirmed.