**Larry R. KENHAN, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 5049.**

District of Columbia Court of Appeals.

Argued Feb. 9, 1970.

Decided March 24, 1970.

James C. Eastman, Washington, D. C., appointed by this court, for appellant.

William S. Block, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty.,

**254**

John A. Terry and Donald T. Bucklin, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge.

■ The only issue meriting discussion is the sufficiency of the Government's evidence in sustaining appellant's conviction for carrying a pistol without a license in violation of D.C.Code 1967, § 22–3204.[1]

The undisputed facts were that appellant was a passenger in an automobile stopped by the arresting officer in midafternoon as a result of a lookout for this car in connection with a robbery. The driver showed the officer his driver's permit and automobile registration and agreed to accompany the officer to the precinct for further inquiry concerning the lookout. Upon arrival at the precinct, as appellant got out of the automobile and the officer approached the passenger's side of the vehicle, the officer observed 1 or 2 inches of the butt of a pistol sticking out from between the back rest and seat to the left of where appellant had been sitting. The gun was seized and appellant was charged with carrying a pistol. It was stipulated at trial that appellant did not have a license to carry a pistol.

Testifying on his own behalf, appellant stated that he had just entered the automobile moments before they were stopped by the officer; that he had not seen or felt the gun upon entering the automobile or while sitting in it; and that he was totally unaware of its presence.

■ It hardly need be said that the finder of fact—here, the court—has the function of determining the credibility of witnesses, the weighing of the evidence, and the drawing of justifiable inferences from proven facts. And we will not reverse a conviction on the facts as long as there is evidence which reasonably permits a finding of guilt. *See* Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

■ In the instant case, the court found appellant guilty, *i. e.,* that he had the requisite knowledge and control of the weapon. We are of the view that knowledge of the gun's presence may be reasonably inferred from the facts of this case. *Accord,* Waterstaat v. United States, D.C. App., 252 A.2d 507 (1969).

Affirmed.

---

1. Appellant's other contention—that proper judicial construction of § 22–3204 requires *direct personal possession* of the prohibited weapon for an occupant of an automobile to be convicted of a violation of that section—is *without merit. See* Brown v. United States, 58 App.D.C. 311, 30 F.2d 474 (1929).