**Thomas A. HILL, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**Nos. 5145, 5146.**

District of Columbia Court of Appeals.

Argued Feb. 17, 1970.

Decided April 13, 1970.

John A. Shorter, Jr., Washington, D. C., for appellant.

Leo N. Gorman, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, Hubert B. Pair, Principal Asst. Corporation Counsel, and Richard W. Barton, Asst. Corporation Counsel, were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

KERN, Associate Judge.

Appellant was convicted by the court sitting without a jury of possession of a pistol not registered as required by Article 51, Section 1 of the District of Columbia Police Regulations, and of possession of ammunition usable in a firearm for which he did not have a valid certificate of registration, in violation of Article 53, Section 2 of the Police Regulations. Appellant moved for judgment of acquittal upon the conclusion of the government's case, and again later upon final submission of the case. He now questions the sufficiency of the evidence. *See* Cephus v. United States, 117 U.S.App.D.C. 15, 324 F.2d 893 (1963).

---

8. Appellant may request the court to reduce the amount of the payments at any time if circumstances change.

Viewing the testimony set forth in the Statement of Proceedings and Evidence in a manner most favorable to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), police officers at 3:30 in the morning saw a Cadillac bearing Florida license plates for which there was a "lookout" parked on a downtown street with one Johnson sitting in the front passenger seat. The police arrested him and found a pistol under the front seat on his side of the car. A minute or two later, appellant approached the car, asked the officer what was wrong, informed the officer that the Cadillac belonged to his sister, and then produced the registration card for the car. At this point appellant was placed under arrest. Later, five rounds of .38 calibre pistol ammunition were found in the glove compartment. That concluded the government's case. The only direct connection it had shown between appellant and the unregistered pistol and ammunition was his possession of the registration card for the auto in which these items had been found.

Appellant then took the stand and agreed with the police version of the arrest, but added that he did not own or possess the pistol or ammunition and did not know of their presence in the car. He testified that his sister had driven the car from Florida to Washington for a visit and had given him the car four days before to drive back to Florida with his own family later. He admitted that he had been using the car, but he testified that he had loaned the car to a friend the day before the arrest. He said that he was in the process of recovering it when the arrest took place. The trial court expressly found that appellant knew about the gun and ammunition being in the car and specifically disbelieved that appellant had loaned the car to a friend on the day prior to his arrest. The trial court

imposed a fine of $100 or 90 days on each charge [1] against appellant.

"Possess" as used in these Police Regulations may be either actual possession or constructive possession, i.e., knowledge of the presence of the pistol or ammunition *and* the exercise of dominion and control over them. *Cf.* Garza v. United States, 385 F.2d 899, 901 (5th Cir. 1967). Had appellant been present in the automobile when arrested then the circumstances may well have supported a finding that he knew the gun and ammunition were in the car and he had possession of them. *See* Waterstaat v. United States, D.C.App., 252 A.2d 507 (1969). *But see* Arellanes v. United States, 302 F.2d 603 (9th Cir.), cert. denied, 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962). So, too, if the government had introduced evidence of a common plan or purpose involving appellant, the passenger Johnson, and the pistol, the trier of fact might have reasonably concluded that appellant knowingly participated in the possession of the weapon and ammunition. *See* Smith v. United States, 385 F.2d 34, 38–39 (5th Cir. 1967); United States v. Jones, 340 F.2d 913, 915 (7th Cir. 1964); Bourg v. United States, 286 F.2d 124 (5th Cir. 1960). However, the only evidence presented by the government was appellant's possession of the car registration and his presence on the scene soon after the arrest of Johnson in that car. Appellant's constructive *possession of the automobile* may be reasonably inferred upon this evidence, but the government asks us to further infer appellant's constructive possession over everything found within the automobile. The government's own evidence of appellant's absence from the auto (which he himself did not own) [2] together with Johnson's presence in the auto alone [3] negate the possibility that ap-

---

1. The maximum sentence allowed by the Regulations is $100 fine or *10 days* imprisonment. Police Regulations Art. 55, § 11.

2. The trial court was free to disbelieve appellant's testimony that he had loaned the car to a friend the day before the arrest.

3. The government, in a supplemental brief, called our attention to Article 55, Section

pellant had exclusive control over the contents of the vehicle. *See* Williams v. United States, 290 F.2d 451 (9th Cir. 1961). The fact that appellant *had access* to the vehicle and might have driven it could not justify an inference of control over all the items therein. Jackson v. United States, 102 U.S.App.D.C. 109, 250 F.2d 772 (1957). *See also* Orozco-Vasquez v. United States, 344 F.2d 827, 829 (9th Cir. 1965), cert. denied, Buckley v. United States, 386 U.S. 1010, 87 S.Ct. 1354, 18 L.Ed.2d 438 (1967).

"Possession can be established by circumstantial evidence. * * * Indeed, one might ponder long before discovering any other possible form of proof aside from admission." Eason v. United States, 281 F.2d 818, 820 (9th Cir. 1960). However,

> [t]he evidence must go further than merely raising the possibility [of possession] * * *. A conviction cannot rest on mere possibilities. * * * Circumstantial evidence is adequate to prove an essential element, such as possession in this case, only when "the *only* possible inference to be derived from it is that of guilt." * * * The Government must negate reasonable inferences which are consistent with innocence. (Emphasis added, footnotes omitted.)

Malloy v. United States, D.C.App., 246 A. 2d 781, 783 (1968). We cannot conclude on the basis of this record that the government met its burden of proof.

Reversed and remanded.

5 of the Police Regulations, which states that "[w]henever any firearm * * * is found * * * in an automobile, * * * it shall be prima facie evidence that such firearm * * * is in the possession of the occupants of the vehicle * * *." Obviously, this provision is inapplicable to appellant, since he was not an occupant of the vehicle when the pistol and ammunition were found, in spite of the government's suggestion that he was a "constructive occupant". The government also refers to another part of this section which provides that "if the vehicle * * * is unoccupied, it shall be prima facie evidence of possession * * * by the last known occupant[s]". Since the Cadillac was occupied by Johnson, this part is also inapplicable to the instant case.