Jesse James PORTER, a/k/a Jesse Morris
Porter, Appellant,

v.

UNITED STATES, Appellee.

No. 5763.

District of Columbia Court of Appeals.

Argued Aug. 2, 1971.

Decided Oct. 26, 1971.

John Z. Noyes, Washington, D. C., appointed by this court, for appellant.

Leonard W. Belter, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and FICKLING, Associate Judges.

HOOD, Chief Judge:

Appellant was convicted by the court sitting without a jury of carrying a pistol without a license in violation of D.C.Code 1967, § 22–3204. On this appeal he contends that the evidence was insufficient to warrant his conviction.

Officer Spagnola and his partner received a radio call after midnight in their police wagon "that a man had a gun in the 800 block of 14th Street." Arriving at that location, Officer Spagnola spotted a woman running and stopped her for questioning. This woman, who with Officer Spagnola comprised the witnesses for the prosecution, informed the officers that two men had a gun and pointed to a car wherein they could be found. The officers found appellant in the driver's seat and codefendant Boose on the passenger side of the front seat of the designated vehicle. After ordering the two men out of the car and conducting a futile frisk for weapons, Officer Spagnola "looked down on the passenger side of the seat and observed a .38 caliber revolver * * * [u]nderneath the right front seat". This revolver was subsequently test-fired and introduced into evidence, together with certificates indicating that neither appellant nor Boose had a license to carry a pistol. It was estab-

lished that the car wherein the weapon was found belonged to appellant's wife. Although the two men denied ownership of the revolver and knowledge of its presence in the car, they were jointly tried and convicted of carrying a pistol without a license.

On this appeal the only issue raised is whether the evidence was sufficient to warrant appellant's conviction. Our review therefore is limited to determining whether it can be inferred from the facts that appellant had the knowledge and control of the revolver necessary to sustain a conviction under § 22–3204. On review of the record, we find evidence which reasonably permitted a finding of guilt,[1] and, accordingly, we affirm the conviction.

Evidence was produced showing that appellant and codefendant Boose created a disturbance in a nightclub in the 800 block of 14th Street the night of their arrest but prior to it. While the testimony concerning the nature of the disturbance is scarce, the trial court could justifiably draw the inference that the concert of action or chain of events which produced this disturbance prompted the radio call to the police wagon "that a man had a gun in the 800 block of 14th Street", the woman's statement to Officer Spagnola that two men had a gun, and her subsequent designation of the automobile wherein they could be found. Since at least two people were aware that either appellant or Boose had a gun as a result of the disorder, a valid inference could be drawn that appellant also knew that Boose had a gun if he himself was not the one in possession. Appellant's knowledge of the weapon's presence obviously continued until the time of his arrest in the car where he and Boose were seated. Accordingly, we hold that the trial court acted upon substantial evidence in inferring that appellant had knowledge of the gun's presence at the time of his arrest.

The Government under the statute must also prove that appellant had control of the revolver, *i. e.*, that the weapon was " 'in such proximity to * * * [appellant] as to be convenient of access and within reach' ". Waterstaat v. United States, D.C.App., 252 A.2d 507, 509 (1969), citing Wilson v. United States, 91 U.S.App.D.C. 135, 198 F.2d 299 (1952) and Brown v. United States, 58 App.D.C. 311, 30 F.2d 474 (1929). Presented to the trial court for determination, therefore, was an issue of fact whether the revolver lying under the passenger side of the front seat was within convenient access and reach of appellant so that he might be found to have control under the statute.

In Hill v. District of Columbia, D.C. App., 264 A.2d 145 (1970), we were presented with a similar but distinguishable factual situation. The police arrested a person in the passenger seat of a car and recovered a pistol from under the front seat on the passenger side and ammunition from the glove compartment. Hill thereafter approached the vehicle on foot, told the officer present that the car belonged to his sister, and produced a registration for the car. He was then arrested. In voiding his conviction for lack of sufficient evidence this court stated: "Had appellant been present in the automobile when arrested then the circumstances may well have supported a finding that he knew the gun and ammunition were in the car and he had possession of them". 264 A.2d at 146.

In the instant case appellant was not only present in the car but admittedly in control of it. Moreover, as we have found, a valid inference could be drawn that the weapon was present in the car with appellant's knowledge and acquiescence. Given these facts it can hardly be said that the location of the revolver under the passenger side of the front seat presented an obstacle such as to deny appellant convenient access to the weapon or

---

1. "[W]e will not reverse a conviction on the facts as long as there is evidence which reasonably permits a finding of guilt." Kenhan v. United States, D.C. App., 263 A.2d 253, 254 (1970).

place it beyond his reach. Also, it is not of controlling significance that the weapon was closer to Boose, or that Boose was also convicted of carrying the same pistol, as we have previously recognized the possibility of joint possession under such circumstances. Waterstaat v. United States, *supra*; Emburgh v. United States, D.C. Mun.App., 164 A.2d 342 (1960). Accordingly, we cannot say upon review of all the testimony that the court's finding that such control was present lacked substantial support from the evidence.

Finding no error we affirm the conviction.

Affirmed.