Ronald H. BANKS, a/k/a Ronald D. Banks, Appellant,

v.

UNITED STATES, Appellee.

No. 6021.

District of Columbia Court of Appeals.

Argued Jan. 11, 1972.

Decided Feb. 7, 1972.

Thomas M. O'Malley, Washington, D. C., appointed by this court, for appellant.

Robert Alan Jones, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Charles F. Flynn, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, FICKLING and NEBEKER, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted after a nonjury trial of carrying a pistol without a license (D.C.Code 1967, § 22–3204). On appeal he contends that the trial court erred in denying a motion to suppress the pistol and that the evidence was insufficient to support the conviction. We disagree and, therefore, affirm.

Shortly before midnight on April 17, 1971, two police officers, while patrolling in a police car, observed appellant and a female companion parked in a bus zone. The officers asked appellant to move on and he complied. Approximately two minutes later the officers saw the same car with the same occupants parked in the same bus zone. One of the officers then left the scout car, approached the parked car, and asked appellant for his driver's license and registration. Appellant produced a registration card indicating that the automobile belonged to him, but he failed to produce a driver's license. The officers then placed appellant under arrest for failure to have a permit in his possession (D.C.Code 1967, § 40–301(c)) and placed him in the police car. One officer then returned to appellant's car and asked the woman, who was seated in the front on the passenger side, whether she had a driver's license. She replied that she did not and the officer asked her to move from the car and leave the scene, which she did. The officer then got in the car for the purpose of driving it to the district substation. As he entered the car, he saw a .32 caliber pistol "laying on the floor mat on the driver's side." The weapon contained five live rounds of ammunition and was operable.

Appellant was driven to the substation in the police car by one officer, and his car was driven there simultaneously by the other officer. Upon their arrival appellant was searched and a "small black pock-etbook purse" containing ten live rounds of .32 caliber ammunition was found in his back pocket. No fingerprints were obtainable from the pistol.

Appellant's testimony agreed with the officers' except that he claimed he was not parked in the bus zone the second time the officers approached him. He denied ownership and knowledge of the pistol and stated that he was holding the purse for the woman at her request and was unaware of its contents.

 Appellant's first contention is that since the Government failed to introduce any regulations authorizing the police to move his car from the bus zone, there was no proof that the car was lawfully within police custody and, therefore, the police entry into the car was unlawful. We do not agree. The disputed fact question of whether appellant's car was parked illegally was resolved against appellant by the trial judge. We cannot say that finding was plainly wrong. Therefore we must determine whether the police had a lawful basis for entering appellant's car. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); United States v. Pannell, D. C.App., 256 A.2d 925, 926 (1969); Williams v. United States, D.C.Mun.App., 170 A.2d 233, 234 (1961). Although no regulation authorizing the police to move the illegally parked car was introduced in evidence, the trial judge is required to take judicial notice of this type of municipal regulation because the regulation comes within the Superior Court's original jurisdiction. Tipp v. District of Columbia, 69 U.S.App.D.C. 400, 401–402, 102 F.2d 264, 265 (1939); Dibble v. District of Columbia, D.C.Mun.App., 35 A.2d 825, 827 (1944). *See also* 29 Am.Jur.2d Evidence § 38 (1967); 111 A.L.R. 959 (1937). Since the pertinent regulation does authorize the police to move an illegally parked car,[1]

---

1. District of Columbia Highways and Traffic Regulations, Pt. I, § 91 (1971), provides in pertinent part:

Sec. 91. Vehicles May Be Impounded for Violations.

the police lawfully opened the car door and properly seized the pistol which was in plain view; therefore, the pistol could be introduced in evidence. Harris v. United States, *supra,* and cases cited therein.

■ Appellant also contends that the evidence was insufficient to sustain his conviction. Specifically, he argues that the evidence concerning his possession of the pistol does not meet the reasonable doubt standard because it was possible for the woman to have had possession of the pistol without his knowledge and to have placed the pistol on the floor mat after he was removed from the car. The law is clear that the Government is not required to negate all possible inferences of innocence before one can be found guilty of an offense beyond a reasonable doubt. Patten v. United States, D.C.App., 248 A.2d 182 (1968); 1 F. Wharton, Criminal Evidence § 12, at 36–37 (12th ed. R. Anderson 1955). In the instant case the Government made an effort to secure fingerprints from the gun, but to no avail. The pistol was found on the floor beneath the place where appellant was seated very shortly after he alighted from the car; the car was owned by appellant; and the ammunition found on appellant was the same caliber as that of the pistol. From these facts we hold that an inference of knowledge and possession of the weapon by appellant was reasonable. Porter v. United States, D.C.App., 282 A.2d 559 (1971); Kenhan v. United States, D.C.App., 263 A.2d 253 (1970); Powell v. United States, D.C.App., 246 A.2d 641, 642 (1968).

Affirmed.

Any unattended vehicle found parked in violation of any traffic regulation, except overtime parking of less than 24 hours, may, by or under the direction of a member or members of the Metropolitan Police force, either by towing or otherwise, be removed or conveyed to any street where parking

is not prohibited except for more than 18 hours or be removed or conveyed to and impounded in or at the police precinct station of the police precinct in which said vehicle may be found or any other place designated by the Commissioners of the District of Columbia.