**William Arthur JOHNSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6323.**

District of Columbia Court of Appeals.

Argued June 6, 1972.

Decided July 17, 1972.

See also 291 A.2d 697.

---

4. *Id.* at 99, 237 F.2d at 580.

Herbert A. Rosenthal, Jr., Washington, D. C., appointed by this court, for appellant.

Joseph E. di Genova, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Lawrence P. Lataif, Asst. U. S. Attys., were on brief, for appellee.

James F. McMullin, Asst. U. S. Atty., also filed an appearance for appellee.

Before KERN, NEBEKER, and REILLY, Associate Judges.

REILLY, Associate Judge:

This is an appeal from a conviction of burglary in the second degree—an offense defined in D.C.Code 1967, § 22–1801(b) (Supp. V, 1972). After a jury verdict of guilty, appellant was sentenced to imprisonment for a term of from two to six years.

The burglary occurred in a single house, 3721 R Street in the Burleith section of the city, occupied by Mr. and Mrs. Harold Baxter. The Baxter house is a two-story structure, with an enclosed rear porch, leading to a backyard where there is a garage abutting upon an alley which runs the length of the 3700 block of R Street. The house is one of several row houses with party walls facing upon the north side of R Street. At the time in question, the house next door on the west, No. 3723, had been unoccupied for a considerable period and its backyard, separated from the Baxter property only by a low, wire mesh fence, was overgrown. This vacant house also shared a party wall with a similar structure, No. 3725, adjacent to an empty lot bounded on the west by No. 3729 and on the south and north by R Street and the alley.

At the trial, Baxter testified that he was asleep in a second floor bedroom of his house on March 16, 1971, and was wakened by his wife at about four o'clock in the morning. He went to the top of the stairs, where he heard a noise and saw a flashlight beam being shown through the ground floor of the house. He asked his wife to telephone the police. Several scout cars responded, one arriving at the front and others at the rear of the house, some ten minutes later. Thereupon he and his wife switched on the lights and started to run downstairs, when he heard the screen door to the porch at the back of the house, slam. He said that the back porch was attached to the house, that it was screened, and that the outer door had a catch on it. He also testified that after admitting the policemen to his house, he noticed that a dining room window, adjacent to the rear porch, had

been pushed open above the air conditioner, and that he had never had occasion to open this window previously.

There was also testimony by four of the police officers who arrived at the house. One of them corroborated Baxter by testifying that as he drove into the alley he heard a sound "like a screen door slamming." The sergeant in charge of the officers testified that he ordered his men to make a search of the neighborhood and that he himself, after crossing the backyard of the vacant house next door, had surprised appellant hiding in an alcove at the bottom of the stairwell there. He placed him under arrest. An examination of appellant's clothing uncovered a pair of gloves, a flashlight, and a screwdriver. The Government called the other officers, who stated that during the canvass of the vicinity, no person other than appellant had been encountered.

Although there was no evidence that anyone had entered the open window from the porch, appellant does not contend that the offense for which he was indicted had not occurred. Section 1801(b) dispenses with the common law rule that an actual break-in must be shown in order to prove burglary. It has been held that an entry into an enclosed porch is sufficient proof of a violation of this subsection of the code, Henderson v. United States, 84 U.S.App. D.C. 295, 172 F.2d 289 (1949), and that an unexplained intrusion of a dwelling house at night provides a basis for inferring an intent to take away something from the premises, United States v. Thomas, 144 U.S.App.D.C. 44, 49, 444 F.2d 919, 924 (1971).

Appellant does contend, however, that the evidence submitted by the Government fell short of proving that he was the intruder on the Baxter porch and that, accordingly, the trial court erred in denying his motion for acquittal. In this connection, he points to the testimony of a defense witness (appellant did not take the stand himself) with respect to the proximity of a vacant lot as indicating a possibility that the burglar used this lot as an escape route before the police closed in on the neighborhood.

 It is fundamental that the prosecution is not required to negate all possible inferences of innocence, Banks v. United States, D.C.App., 287 A.2d 85 (1972). Granted that the evidence connecting appellant with the burglary was circumstantial, we are nevertheless of the opinion that there was ample evidence in the record to justify the jury in concluding that appellant was in fact the intruder. While it is true that some ten minutes elapsed between the time the Baxters had called for police assistance and the time the police vehicles arrived, the testimony with respect to the slamming door indicates that until the house was cordoned off by police, the burglar did not actually leave the porch. Therefore, it was most unlikely that the burglar could have disappeared into the street or the alley by way of the vacant lot without being seen by any of the police officers sealing off the immediate vicinity. Obviously the overgrown yard next door might have seemed a tempting refuge.

 It is also difficult to understand why appellant would have any legitimate reason for concealing himself at that hour of the night in the basement entrance of a stranger's property, or why he should have been equipped with gloves, a screwdriver, and a flashlight [1]—the ordinary accoutrements of a burglar—if housebreaking was

---

1. Appellant objected to the introduction of these articles into evidence as prejudicial and has assigned the overruling of this objection as a separate ground of error. Certainly their admission was harmful to the defense in that these exhibits contributed to the weight of the Government's circumstantial case. Clearly, however, they were relevant to the matter with which appellant was charged. Testimony objected to as "prejudicial" is ordinarily excluded only where it is offered to discredit a defendant's character or to indicate participation in a crime wholly unrelated to the issues framed by the indictment.

not the purpose of his expedition to a residential section miles away from either his own home or place of employment.

Appellant has drawn our attention to a number of decisions including Perry v. United States, D.C.App., 276 A.2d 719 (1971), and People v. Johnson, 4 Mich.App. 205, 144 N.W.2d 646 (1966), in which convictions for burglaries were reversed on the ground that mere evidence of presence in the vicinity of a burglary and an opportunity to have committed the crime was not sufficient to support a guilty verdict. The quantum of proof in this case, however, was so significantly greater that we do not regard any of these holdings as applicable to the case at bar.

Affirmed.