Henry B. JOHNSON, a/k/a Larry Thomas,
Appellant,

v.

UNITED STATES, Appellee.

No. 6786.

District of Columbia Court of Appeals.

Argued April 18, 1973.

Decided Sept. 19, 1973.

———◆———

David A. Donohoe, Washington, D. C., appointed by this court, for appellant.

Frederick C. Moss, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Lawrence P. Lataif, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and HARRIS, Associate Judges.

REILLY, Chief Judge:

This is an appeal from a conviction of carrying a pistol without a license (D.C. Code 1967, § 22–3204) based upon a jury verdict in the same trial which we reviewed in our opinion in Garris v. United States, D.C.App., 295 A.2d 510 (1972), affirming the conviction of a codefendant. As the facts which resulted in the arrest of appellant and his two companions are set forth in that opinion, we shall not summarize the testimony here except as it bears directly on the issues raised by this particular appeal.

Appellant here, one of Garris' companions, does not assail the validity of the stop and detention which eventuated in their arrest, nor could he—that issue having been disposed of in Garris v. United States, *supra* at 511, note 1. Moreover, he concedes that the arrests themselves were proper, being based on probable cause, even though it later turned out that the information received over the radio by the officers on the scene was outdated. *See* Patterson v. United States, D.C.App., 301 A.2d 67 (1973). He contends, however, that the ensuing search of the car was in violation of the Fourth Amendment and that the pistols thereby brought to light should have been suppressed as evidence.

■ In the instant case the testimony at the suppression hearing does not reveal the precise purpose of the challenged search, for neither side explored that aspect of the matter. When police officers take custody of a car in a bona fide belief that it has been stolen, it is certainly not unreasonable for a conscientious officer to check its contents for such evidence of ownership as a registration card, title papers, or a rental agreement. Patterson v. United States, *supra*.[1]

■ Such a search also might uncover tools usable for starting a car without a key or for changing license tags. In this instance the tags on the car were wired on, and it is widely known that the switching of license plates is a common technique of automobile thieves. *See, e. g.,* People v. Galceran, 178 Cal.App.2d 312, 2 Cal.Rptr. 901 (1960). In seeking to determine the true owner of the car, it would be wholly reasonable for the police to believe that the car's proper license plates might have been secreted under a seat for hiding or for possible future use. In any event, we find no error in the denial of the motion to suppress.

■ Appellant also assigns as error the denial of his motion for a judgment of acquittal, arguing that the government's evi-

---

1. Our dissenting colleague apparently construes Patterson v. United States, D.C.App., 301 A.2d 67 (1973), as permitting such searches only in the glove compartment. It is true that the challenged search upheld in that decision was indeed limited to such portion of the car, but the reasoning of the opinion does not suggest so narrow an application. Obviously, a glove compartment is not the only place inside an automobile where one might reasonably expect to find indicia of ownership. In any event, given the fact that the officer had a "right" to enter the car to conduct such a search (*see* Harris v. United States, 390 U.S. 234 at 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968)), we hardly think that this subsequent action in reaching under the seat was so unreasonable that suppression of evidence secured thereby is a constitutional requirement.

dence was insufficient to prove beyond a reasonable doubt his possession of the pistol. It is true, as appellant points out, that the government must prove that the pistol was conveniently accessible to him, and that he knew of its presence. Waterstaat v. United States, D.C.App., 252 A.2d 507 (1969). The record does not disclose, however, that the government's proof on these two elements was insufficient to permit the case to go to the jury, for "[i]t is fundamental that the prosecution is not required to negate all possible inferences of innocence". Johnson v. United States, D.C.App., 293 A.2d 269, 271 (1972).

■ The transcript discloses that appellant was a passenger in the rear seat of the car, and that two pistols were found under the passenger side of the front seat. The officer who seized these objects indicated that he had reached under the seat up to his elbow to find the first pistol (the possession of which the other passenger was charged with) and that he reached back even further to find the pistol appellant was charged with possessing. Such evidence of proximity was enough to permit the jury to infer convenient access. We do not believe it was necessary, as appellant urges, for the government to show the existence of an aperture in the bottom rear of the front seat in order to lay a basis for such inference. It is common knowledge that such an aperture is present in ordinary passenger cars of the kind in which appellant was riding.

■ Even if there were no such aperture, the question of accessibility was still for the jury. Cf. Wilson v. United States, 91 U.S.App.D.C. 135, 198 F.2d 299 (1952) (holding that accessibility was question for jury where appellant could reach pistol only by alighting from car and tilting front seat forward). The fact that there were three persons and three pistols in the car, together with the suspicious activity of the occupants prior to their car being halted, provided sufficient grounds for the jury to conclude that appellant knew of the presence of the pistol. It is not, of course, necessary that the government offer direct proof of knowledge. See Powell v. United States, D.C.App., 246 A.2d 641 (1968).

■ As we have announced before in a similar context, " . . . we will not reverse a conviction on the facts as long as there is evidence which reasonably permits a finding of guilt." Kenhan v. United States, D.C.App., 263 A.2d 253, 254 (1970), citing Curley v. United States, 81 U.S. App.D.C. 389, 160 F.2d 229, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947).

Affirmed.

KELLY, Associate Judge (dissenting):

In my judgment the trial court erred in denying appellant's motion to suppress. The three men, including appellant, had been arrested and put in a police transport vehicle. There was insufficient evidence to support a finding of probable cause to believe that the automobile in which appellant had been riding contained articles that police officers are entitled to seize. See Chambers v. Maroney, 399 U.S. 42, 90 S. Ct. 1975, 26 L.Ed.2d 419 (1970). And certainly, Patterson v. United States, D.C. App., 301 A.2d 67 (1973), is not authority for permitting police officers to grope around under the front seat of an automobile in search of indicia of ownership. Accordingly, I respectfully dissent.