**Carlos BUERGAS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 93–CF–1607.**

District of Columbia Court of Appeals.

Submitted Sept. 19, 1995.
Decided Dec. 12, 1996.

---

Dale Chance Saliba, Alexandria, VA, appointed by this court, for appellant.

Cembrye A. Ross, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Elizabeth Trosman, and Jennifer M. Anderson, Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge, RUIZ, Associate Judge, and PRYOR, Senior Judge.

PER CURIAM.

After a trial by jury, appellant was found guilty of distributing a controlled substance in violation of D.C.Code § 33–541(a)(1)

(1981). On appeal he argues that a photographic array, utilized as part of the identification process, was erroneously allowed as evidence by the trial judge, and that the prosecutor made improper and prejudicial remarks in her opening statement to the jury. Being unpersuaded by these contentions, we affirm.

## I.

This prosecution arises from the sale of cocaine to undercover police officers. On May 22, 1992, by prior arrangement, undercover officers Sutherland and Serbinoff met an individual under investigation at a restaurant in Northwest Washington to complete a sale. Appellant exited the car of another individual known to the officers and entered the restaurant. Shortly thereafter, the driver of the car joined the first suspect, appellant, and the officers in the restaurant. Appellant was a thin, well dressed male without facial hair, balding, and approximately thirty-five years old. Unlike the two other suspects, appellant was unfamiliar to the officers. Unknown to all three suspects, they were being observed from close proximity by a surveillance team of three additional officers.

While at the restaurant, one of the suspects indicated to undercover Officer Sutherland that he needed to speak to the appellant alone. The suspect and appellant went into the restroom and were followed by surveillance team member Batista. After returning to the table, appellant, the other suspects, and the two undercover officers exited the restaurant and entered an alley. Once in the alley, one suspect received $740 from one of the officers, and appellant gave two plastic bags of powder, later found to be a mixture of cocaine, to the officer. Almost immediately, the suspects and appellant left the area in one vehicle.

Approximately two months later, on June 25, 1992, Officer Sutherland received a tip from a confidential source naming appellant as the third party in the drug transaction. Officer Sutherland reported the name to surveillance Officer Abdalla, who then prepared a group of photographs of nine individuals. When Officer Abdalla obtained appellant's photograph, he recognized appellant as being the unidentified third suspect. Upon showing the array individually to Officers Sutherland, Serbinoff, and surveillance officers Batista and Shiedr, all four officers identified appellant as the third person in the drug transaction. At trial, all of the officers identified appellant as the unknown suspect at the restaurant.

## II.

Appellant contends the trial court erred when it denied appellant's motion to suppress the identification evidence. Appellant argues that the photographs used to identify the appellant were unnecessarily suggestive and should not have been introduced into evidence. We agree with the trial court's finding that the array was not unnecessarily suggestive.

▪ When analyzing a challenge to an identification procedure, we ask two questions:

(1) Was the identification procedure "unnecessarily suggestive and conducive to irreparable misidentification"?

(2) If so, given the "totality of the circumstances," was the resulting identification reliable nonetheless?

*Henderson v. United States,* 527 A.2d 1262, 1268 (D.C.1987) (citing *Stewart v. United States,* 490 A.2d 619, 622 (D.C.1985) (quoting *Patterson v. United States,* 384 A.2d 663, 665 (D.C.1978))); *see also Paris v. United States,* 515 A.2d 199, 207 (D.C.1986).

▪ To determine whether an array is unnecessarily suggestive and conducive to irreparable misidentification, we examine whether some related circumstances or something "in the [photo] array would have directed [the] witness' attention to any particular individual." *McClain v. United States,* 460 A.2d 562, 566 (D.C.1983). In the instant circumstances the trial court concluded that there was no unnecessary suggestivity. In reaching his conclusion, the trial judge took into account the overall nature of the photographic array, including the similarities, or lack of them, among the subjects of each photograph. Additionally, the judge

noted that the witnesses were trained observers. It is certainly true, as appellant points out, that some of the photographic subjects possessed characteristics which others did not. Nonetheless, unless a physical feature is deemed an important or crucial identifying feature, the presence or absence of such a trait does not necessarily render an array unduly suggestive. *See Johnson v. United States,* 470 A.2d 756, 759 (D.C.1983). Here the court concluded, viewing the total circumstances, that the array was not inherently suggestive. In this instance, we find no error.

Because we find that the array was not necessarily suggestive, we do not inquire into the reliability of the identification.

### III.

Appellant argues that his motion for mistrial should have been granted after the Assistant United States Attorney made a remark in her opening statement that appellant maintains substantially prejudiced him. During her opening the prosecutor stated,

Plain and simple, the Government's evidence is going to show that Carlos Buergas is a drug dealer and I'm going to be coming back to you at the end of the case and ask you to tell him by your verdict of guilty that drug dealing is a business that this community will not and cannot tolerate.

After the government's opening, a bench conference was held during which defense counsel moved for a mistrial. The court denied the defendant's motion and noted that while it was not "the wise thing to say" it also "boil[ed] down to the state of reality." The court urged the prosecutor to be careful in the future. While clearly the prosecutor's statement was improper, we agree with the trial court that a mistrial was not warranted as the defendant was not substantially prejudiced by the remark.

When a party alleges that a prosecutor made an improper argument, the court must initially determine "whether the prosecutor's statements or actions actually were improper." *Harris v. United States,* 602 A.2d 154, 159 (D.C.1992) (en banc) (citing

*Gray v. United States,* 589 A.2d 912, 916 (D.C.1991); *Hammill v. United States,* 498 A.2d 551, 554 (D.C.1985)). But even if the remarks were improper, a new trial is only mandated when the defendant was "substantially prejudiced" as a result of the comments. *Allen v. United States,* 649 A.2d 548, 555 (D.C.1994); *Dent v. United States,* 404 A.2d 165, 172 (D.C.1979); *Garris v. United States,* 295 A.2d 510, 512 (D.C.1972). Whether an improper statement rises to the level of "substantial prejudice" depends on several factors:

> [T]he gravity of the [impropriety], its direct relationship to the issue of innocence or guilt, and the effect of specific corrective instructions of the trial court, if any, against the weight of the evidence of appellant's guilt.

*Bowman v. United States,* 652 A.2d 64, 70 (D.C.1994) (quoting *Villacres v. United States,* 357 A.2d 423, 428 (D.C.1976)); *see also Allen, supra,* 649 A.2d at 555; *Harris, supra,* 602 A.2d at 159.

When a prosecutor urges a jury, by their verdict, to send a "message" to the community, it is firmly settled in this jurisdiction that such appeals to the jury are improper. *Powell v. United States,* 455 A.2d 405, 410 (D.C.1982). The reasons are straightforward. Such arguments, in effect, urge the jury to return a verdict on the basis of emotion or community concerns, rather than evidence of guilt, or the lack of it. Here the prosecutor asked the jurors "to tell [the appellant] by [their] verdict of guilty that drug dealing is a business that this community will not and cannot tolerate."

In reviewing this matter, we observe that the prosecutor made the challenged remarks at the beginning of her opening statement. At a bench conference the court denied a request for mistrial, but admonished counsel not to pursue that line of argument. After further opening statements, presentation of six witnesses, and closing arguments, this theme—sending a message to the community—was not repeated to the jury. In instructing the jury, the judge directed them to decide the case only on the evidence presented and reiterated that opening and closing statements of counsel were not evidence. In

sum, the trial judge concluded that, in the context of the whole trial, the prosecutor's statements were improper, but isolated, and thus did not create substantial prejudice to appellant. *See Powell v. United States, supra* (finding prosecutor's improper statement to "send a message" was not reversible error where government presented testimony of victim and two police officers on the scene at the time of the offense and appellant presented no meaningful defense). Accordingly, we find no reversible error in this regard.

*Affirmed.*