STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ROCHELLE KELLY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 13, 1988—Decided July 8, 1988.

Before Judges KING, GAULKIN and D'ANNUNZIO.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Jeffrey B. Steinfeld,* Assistant Deputy Public Defender, of counsel and on the letter brief).

*Paul T. Koenig, Jr.,* Mercer County Prosecutor, attorney for respondent (*Timothy J. McNamara,* Assistant Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

Defendant was convicted under Mercer County Indictment 1265–11–84 of possession of a weapon, a razor, "under circumstances not manifestly appropriate for such lawful use as it may have...." *N.J.S.A.* 2C:39–5(d) (hereafter referred to as section 5d). She was acquitted of aggravated assault, *N.J.S.A.* 2C:12–1(b)(1), and of possession of the razor for an unlawful purpose, *N.J.S.A.* 2C:39–4(d) (hereafter referred to as section 4d). Defendant was sentenced to one year probation, and she now appeals. The principal issue is whether carrying a weapon for self-defense, a defense to a section 4d charge, *State v. Harmon,* 104 *N.J.* 189 (1986), is also a defense to a section 5d charge.

Defendant and the victim, Randolph Boone, had lived together for ten months. Their relationship produced a child, but defendant terminated the relationship because Boone had physically abused her.

On July 18, 1984, approximately two months after their relationship terminated, Boone came to defendant's apartment and became abusive. Defendant picked up a razor which she had been using to cut carpet and ordered Boone to leave. Before leaving, Boone told defendant not to "come around the corner." Defendant testified that Boone was referring to the corner of Walnut and Monmouth Streets in Trenton where Boone "usually hung out." The "corner" was about a block from defendant's apartment and defendant construed Boone's statement as a threat that he would assault her.

Approximately two hours after the confrontation with Boone in her apartment, defendant went to a neighborhood park with her daughter and one of her roommates. Upon returning from the park at 8:30 p.m., defendant crossed the intersection of Monmouth and Walnut Streets. Boone confronted and assaulted her and she cut him with her razor.

In *State v. Harmon, supra,* the Court reversed a conviction of possession of a firearm with an unlawful purpose. *N.J.S.A.* 2C:39–4(a). In doing so, it held that the statute required "proof not only that the accused intended to use the weapon, but that he intended to use it to accomplish a criminal purpose." *Id.* at 203. "[T]he offenses under section 39–4 are not by nature simply regulatory: they are directed not at penalizing possession *per se,* but rather at penalizing the intent to use such weapons affirmatively to commit crimes." *Id.* at 199. "It is the notion of a conscious object to engage in unlawful activity ... that characterizes [a section 4] crime. Thus, one may at once be guilty of an aggravated assault through pointing a weapon at another yet be innocent of possession of the weapon for an unlawful purpose." *Id.* at 205. *See State v. Mieles,* 199 *N.J.Super.* 29 (App.Div.1985), certif. den. 101 *N.J.* 265 (1985) (convictions of possession of a firearm without a permit and aggravated assault not inconsistent with acquittal of possession of the firearm with an unlawful purpose).

Consequently, "if the accused's honest purpose in possessing and in continuing to possess a weapon is to use it for ... precaution ... then he may present that defense to the jury to counter the charge that he is guilty of possession for an unlawful purpose...." *Harmon* 104 *N.J.* at 211.

But in *State v. Lee,* 96 *N.J.* 156 (1984), the Supreme Court carefully distinguished section 4d from section 5d and specifically held that "the Legislature did not require proof of an intent to use a weapon for an unlawful purpose as an

element of a violation of 2C:39–5d." 96 *N.J.* at 163. The Court described the aim of section 5d as follows:

> In 2C:39–5d, the Legislature addressed the situation in which someone who has not yet formed an intent to use an object as a weapon possesses it *under circumstances in which it is likely to be so used.* The obvious intent of the Legislature was to address a serious societal problem, the threat of harm to others from the possession of objects that can be used as weapons under circumstances not manifestly appropriate for such lawful uses as those objects may have. [*Id.* at 161; emphasis added].

Because section 5d is a possessory offense which does not require a purpose to use the weapon unlawfully, defendant's precationary arming with a razor in anticipation of a confrontation with Boone does not negate an element of the offense and is not a defense. Ironically, the fact that she possessed the razor in anticipation of encountering Boone supports the finding of guilt. As *Lee* explained, enactment of section 5d criminalized possession of useful devices "capable of lethal use or of inflicting serious bodily injury," *N.J.S.A.* 2C:39–1(r), in circumstances in which the emphasis is on the device's value as a weapon and in which the device poses a likely threat of harm to others. By criminalizing possession of these devices in such circumstances, the Legislature has sought to interdict the introduction of weapons into contexts in which they may be used to harm others regardless of the benign or innocent intent of the possessor.

Although, in *Harmon,* the Court recognized that in "those rare and momentary circumstances where an individual arms himself spontaneously to meet an immediate danger" the justification of self-defense should be "considered" *Id.* 104 *N.J.* at 208–209, the present case does not fall into that category. *Cf. People v. King,* 22 *Cal.*3d 12, 148 *Cal.Rptr.* 409, 582 *P.*2d 1000 (1978) (protection of self and others in an emergency a defense to possession of firearm by a felon); *Wilson v. United States,* 198 *F.*2d 299 (D.C.Cir.1952) (in prosecution for carrying a firearm without a license, defendant justified in obtaining a weapon for self-defense during pursuit by person attacking him). Compare *King* and *Wilson, supra,* with cases cited in *Harmon,* 104

*N.J.* at 208, which have rejected self-defense as a justification for violation of firearms regulatory offenses.

We conclude that the trial judge did not err in refusing to charge self-defense as an available defense to section 5d in the present case.

Affirmed.