## WILLIS *v.* THE STATE.

Evidence showing that the accused, while a passenger in a railway-car, had about his person a satchel with a strap thereto attached which rested upon his shoulder, and that this satchel contained a pistol concealed from view, will warrant a conviction under section 341 of the Penal Code.

Submitted October 3, — Decided October 13, 1898.

Accusation of having and carrying concealed weapons. Before Judge Freeman. City court of Newnan. July 14, 1898.

The plaintiff in error, having been convicted, moved for a new trial upon the grounds that the verdict was contrary to law and the evidence; the motion was overruled, and he excepted. The evidence was as follows: J. D. Brewster testified: On July 10, 1898, while passing through an excursion train that stopped at Newnan, I heard Perry Willis say: "There are those damn country police." I am a policeman in the city of Newnan, and when Willis used the above language I sought to arrest him for profanity. At this time Willis and his wife were sitting on the same seat, and between them there was a satchel or hand-bag. This bag was open, and they were eating out of it. All I saw in

the bag was some lunch, and under this lunch was some paper. Attached to this bag was a long strap, which reached. to and around Perry Willis's shoulder, and was around and over his shoulder. The bag was not suspended by said strap, but was sitting on seat between them, and resting entirely on said seat. Perry Willis resisted arrest. I called Mr. Will Cavender to my assistance, a scuffle ensued, and I struck Willis with my club. Cavender grabbed Willis on one side, and I had hold on the other. We took him out of seat and train, and satchel was left on seat. I do not know how strap got off of his shoulder. Once during scuffle he made a motion as if to get to satchel, which was on seat. The satchel was not strapped around him, but the strap which was attached to said satchel rested on his right shoulder, while he was sitting down, and the satchel and his wife were to the right of him. We caught hold of him while he was sitting down. When we got to calaboose his wife came running up with satchel, the same satchel left in train. It seemed that she wanted to get it to him. I objected to her turning it over to defendant, and demanded that she hand it to me. She then started away with satchel, and I left defendant with Cavender and went after her, and got satchel. We took satchel and found in it a pistol, some lunch and a pint of whisky. The satchel was the same one we saw between them and out of which they were eating. Before we opened satchel, and about the time we took it from his wife, Willis said: "If you are looking for a pistol, there is one in that satchel." I do not know whether there was a pistol in satchel at time we saw it on train or not; I could not see one. I found in his pockets cartridges of same caliber as pistol. I first saw Willis when I walked in train when it stopped in Newnan. This was in Coweta county. The calaboose is about one hundred yards from the place where I boarded train. I could not be mistaken as to the fact of the strap attached to satchel being around shoulder of defendant when he was on seat in train at Newnan, and it could easily have slipped off his shoulder in the scuffle during the arrest. When we got defendant out of train he had neither the satchel nor his hat.—Cavender corroborated the evidence of Brewster. The accused made a statement as follows: When Mr. Brewster

came into the car my wife and myself were eating our lunch out of a satchel which was between us. There was no strap on my shoulder. The satchel was on seat. I used no profane language. I did not tell Brewster and others there was a pistol in satchel.

W. L. *Stallings*, for plaintiff in error.
W. C. *Wright*, *solicitor*, contra.

LUMPKIN, P. J. This case presents for decision a single question, viz., whether or not the evidence warranted a conviction under section 341 of the Penal Code, which declares: "Any person having or carrying about his person, unless in an open manner and fully exposed to view, any pistol, dirk, sword in a cane, spear, bowie-knife, or any other kind of knives manufactured and sold for the purpose of offense and defense, shall be guilty of a misdemeanor." The preceding official report sets forth all the evidence, as well as the statement of the accused.

We have no difficulty in holding that the jury were warranted in finding that the pistol which the accused was charged with carrying unlawfully was in the satchel at the time he was arrested in the car. This being so, the naked question for decision is, does a man violate the above-quoted section of our Penal Code by concealing a pistol in a traveling-bag or satchel, placing the receptacle by his side upon a seat in a railway-car, and attaching it to his person by means of a strap thrown over his shoulder? We think this question is answered in the affirmative by the decision of this court in *Boles* v. *State*, 86 *Ga.* 255, in which it was ruled that it was not essential to a violation of the statute "for the weapon to be concealed in the clothing of the person, but the same result is accomplished by carrying it in a basket or bag upon the arm and not for transportation alone." In *Crawford* v. *State*, 94 *Ga.* 774, a doubt was intimated whether, by the use of the words, "and not for transportation alone," this court intended to express the view that carrying a pistol concealed in a basket or bag for transportation only would not be a criminal offense. Be this as it may, the question whether or not having or carrying about the person in a satchel, "for transportation alone," a pistol not exposed to view is in vio-

lation of section 341 of the Penal Code, is nowhere made in the present case.   There is nothing, either in the evidence or in the statement of the accused, tending to show that he set up or relied upon any such defense, and it does not appear that the trial judge, in charging or in refusing to charge, in any manner dealt with the question just stated.   The case was argued here by briefs.   There is no contention in the brief filed by counsel for the plaintiff in error that the accused should have been acquitted upon the idea that he was carrying the pistol "for transportation alone."   The only points insisted upon in that brief were, (1) that the accused did not have the pistol "about his person," even conceding he had placed it in his satchel; and (2) that the evidence failed to show the pistol was in fact in the satchel while in the possession of the accused.   It would therefore be improper for this court to undertake now to decide whether or not it would be penal for a person to carry a pistol concealed in a satchel when it affirmatively appeared that his only purpose in so doing was to convey the weapon from one place to another.   Accordingly we simply hold that, on the facts appearing in the record before us, a conviction was warranted. In support of our present decision, see State *v.* McManus, 89 N. C. 555; 5 Am. & Eng. Enc. of Law (2d ed.), 733, and authorities cited in note 1.

*Judgment affirmed.    All the Justices concurring.*