## BROWN v. UNITED STATES.

Court of Appeals of District of Columbia. Submitted December 6, 1928. Decided January 7, 1929.

No. 4784.

James A. O'Shea, of Washington, D. C., for plaintiff in error.

Leo A. Rover and Neil Burkinshaw, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Plaintiff in error was charged in that court (count 1 of the complaint) with having unlawfully concealed about his person a deadly and dangerous weapon, to wit, a pistol; (count 2) with unlawfully carrying openly a deadly and dangerous weapon, to wit, a pistol, with intent unlawfully to use the same.

At the trial Harry G. Bauer, a police officer, testified that he placed the plaintiff in error under arrest at 10:30 p. m. on December 12, 1922; that "he [the witness] saw a Cadillac car speeding, and followed chase, and one of the occupants threw 2½-gallon bottles of liquor from car. * * * As the witness rode up in another car, he saw the defendant, dressed in a fur coat, seated on the front seat of the Cadillac car; that he noticed the defendant take a pistol from the overcoat pocket; that one Pritchard was on the running board of the car; that the gun was loaded." On cross-examination, the witness stated that "in the glare of the spot light he noticed the defendant take the pistol from his pocket."

Charles Fowler, a federal prohibition agent, who was present when the plaintiff in error was arrested, testified "that he [the witness] was in a Stutz roadster, which chased the car which the defendant [plaintiff in error] was in, and that they pulled up, and that the witness fired at the car in which the defendant Brown was, and smashed the gas tank." The witness then identified a rifle which was found in the back part of the pursued car.

Plaintiff in error was the only witness for the defense. He testified "that he was invited

to go to Baltimore on this day; that, coming back, he was at the wheel for a while, because he had a permit to drive a car; that the car was not his car; that at Dead Man's Curve he changed from the driver's seat of the car to the front seat; that they started into the city, and a man by the name of Pritchard was driving the car; that defendant was asleep, and was awakened by some shooting; that the car stopped, and Officer Bauer came up and placed defendant under arrest; that the defendant got out of the car, and Officer Bauer then removed a pistol in a scabbard from under the seat; that defendant didn't know the pistol was there, and didn't own the pistol, and did not have the pistol concealed about his person at any time."

Thereupon, over the objection of plaintiff in error, the court instructed the jury that the words "concealed about the person," found in the statute, do not necessarily mean "on the defendant's person," and that, if the jury "thought the pistol was within the reach of the defendant," then it would be a violation of the law.

The jury retired, and after considering the case returned, and, through the foreman, asked the court: "Would it be a violation of the law if the defendant had a pistol concealed in the automobile, though not on his person, but within his reach?" The court, over the objection of plaintiff in error, answered in the affirmative. Thereupon the jury returned a verdict of "not guilty" on the second count, but "guilty" on the first count.

Section 855 of our Code provides that "any person who shall within the District of Columbia have concealed about his person any deadly or dangerous weapon, or who shall carry openly any such weapon, with intent to unlawfully use the same, shall be fined not less than fifty dollars nor more than five hundred dollars, or be imprisoned not exceeding one year, or both. * * * "

Plaintiff in error contends that the court below erred in instructing the jury that the words "concealed about the person" do not necessarily mean on the defendant's person. ▇ What was the purpose of Congress in the enactment of this law? Obviously, the protection of the public from the menace of concealed "deadly or dangerous" weapons. No one familiar with present conditions will doubt the necessity for such a statute. Its purpose is wholesome, and it is the duty of the court, in construing it, to have "in mind the legislative intent." United States v. Cella, 37 App. D. C. 423, 430.

▇ The statute prohibits the carrying of a concealed deadly or dangerous weapon "about" the person. The word "about" is a comprehensive term, and we must assume that Congress intended that it should be accorded such an interpretation. Had it been intended to limit the prohibition to the carrying of such a weapon *on* the person, it must be assumed that Congress would have used the word "on," instead of "about."

Thus, in State v. McManus, 89 N. C. 555, the court said: "It is insisted that the pistol, if in the basket and concealed, was not about the person of the defendant, though upon his lap. Such is not the meaning of the statute. The language is not 'concealed *on* his person,' but 'concealed about his person'; that is, concealed near, in close proximity to him, and within his convenient control and easy reach, so that he could promptly use it, if prompted to do so by any violent motive. * * * It makes no difference how it is concealed, so it is on or near to and within the reach and control of the person charged." The court further observed that the purpose of the statute was wholesome, and that it should receive such reasonable construction as would effectuate its purpose. To the same effect are Wagner v. State, 80 Tex. Cr. R. 66, 188 S. W. 1001; Boles v. State, 86 Ga. 255, 12 S. E. 361; Willis v. State, 105 Ga. 633, 32 S. E. 155; State v. Conley, 280 Mo. 21, 217 S. W. 29; Schraeder v. State, 28 Ohio App. 248, 162 N. E. 647; People v. Niemoth, 322 Ill. 51, 152 N. E. 537; Livesey v. Helbig, 87 N. J. Law, 303, 94 A. 47.

▇ Other courts have taken a somewhat different view (State v. Brunson, 162 La. 902, 111 So. 321, 50 A. L. R. 1531; Ladd v. State, 92 Ala. 58, 9 So. 401; State v. Weston, 108 S. C. 383, 94 S. E. 871); but, as between an interpretation that will effectuate the obvious intent of our statute and one that will largely frustrate that intent, we unhesitatingly adopt the former. To rule that the weapon must be on the person would make possible the carrying of a deadly weapon concealed on the seat of an automobile, where it would be more readily accessible than it would be if concealed on the person. No such result is contemplated or permitted by the statute.

We rule, therefore, that the words "concealed about his person," as used in the statute, were intended to mean and do mean concealed in such proximity to the person as to be convenient of access and within reach. This, in effect, is what the court below charged.

Judgment affirmed.

Affirmed.