Twana Maria **HOLLEY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5940.

District of Columbia Court of Appeals.

Argued Dec. 22, 1971.

Decided Jan. 24, 1972.

Thomas W. Farquhar, Washington, D. C., with whom Ed Wilhite, Washington, D. C., was on the brief, for appellant.

Robert D. Zsalman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and John C. Lenahan, Asst. U. S. Attys., were on the brief, for appellee.

Before NEBEKER, REILLY, and YEAGLEY, Associate Judges.

REILLY, Associate Judge:

Appellant and another young woman were passengers in an automobile stopped by a police officer for a routine traffic check. While the officer was asking the driver for his papers, he noticed in the rear left seat of the vehicle, a man's coat from which a pistol was protruding. Subsequent examination of the coat, which belonged to the driver, one John McGriff, brought to light another pistol concealed in one of the pockets.

Police arrested the driver, appellant, and the other passenger. Identical informations were filed against all of them, i. e., charging the particular arrestee with carrying a pistol without a license in violation of D.C. Code 1967, § 22–3204.[1] The driver ultimately pleaded guilty. Appellant, after waiving a jury, was tried separately and convicted, the court sentencing her to a 60-day period of observation under the Federal Youth Correction Act, and subsequently placing her on probation for one year.

The only witness at her trial was the officer who had originally halted the car driven by McGriff. He testified that after he had seen the first pistol, he summoned additional policemen to assist him. When they arrived he went back to the car and arrested the driver. The officer then proceeded to the other side of the car and told the woman to step out. At that time appellant was in the right front seat and the other passenger was directly behind her,

1. § 22–3204. Carrying concealed weapons.
    No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of busi-

ness or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed. . . .

with the coat on her left. The woman objected to leaving the car but when the officer insisted, both "made a dive for the coat." Before appellant was able to reach the coat, the officer seized her by the arm, eased her and the other occupant out of the car, and picked up the coat. After uncovering and examining the guns, he informed the two women that thcy were under arrest. Both weapons were introduced as exhibits at the trial, the officer identifying them as the same pistols he had found with the coat.

In arguing that appellant's motion for acquittal should have been granted, counsel contends that the Government failed to prove two essential elements of the offense —possession and knowledge. We disagree. In Waterstaat v. United States, D.C.App., 252 A.2d 507 (1969), noting that control of the weapon is necessary to show a "carrying" within the meaning of § 22–3204, we sustained a conviction where there was evidence that the weapon was "in such proximity to . . . [appellant] as to be convenient of access and within reach", 252 A.2d at 509. In a very recent case, Porter v. United States, D.C.App., 282 A.2d 559 (1971), where the testimony disclosed a pistol concealed under the right front seat, we held that the trial court was warranted in concluding that the driver of the car was in control of such gun.

■ In the case now before us, it is pointed out that the accused was in the right front seat of the car and the protruding pistol was lying on the opposite side of the rear seat. We do not regard this difference in physical position, however, as sufficient to negate an inference that appellant lacked convenient access to the weapon. The officer's testimony reveals that when appellant leaned over toward the back seat the gun was within her reach.

■ It is also contended that there was no evidence that appellant was aware of the presence of guns in the rear seat, particularly as one of them was concealed in a pocket of the coat. It was not necessary for the Government to show that she knew both guns were in the rear seat, as her conviction was based merely on carrying "a pistol" without a license. Despite her distance from the protruding pistol when it was first spotted, we are of the opinion that uncontradicted testimony that such weapon was not completely covered and that she later "lunged" for the coat, was sufficient to permit an inference by the trier of fact—in this instance, the trial judge—that appellant knew where this weapon was located.

Affirmed.