**Lawrence D. JONES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 6450.**

District of Columbia Court of Appeals.

Argued Sept. 26, 1972.

Decided Jan. 24, 1973.

James F. Bromley, Washington, D. C., appointed by this court, for appellant.

Peter C. Schaumber, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and John T. Kotelly, Asst. U. S. Attys., were on the brief, for appellee.

Before GALLAGHER, NEBEKER and HARRIS, Associate Judges.

GALLAGHER, Associate Judge:

Appellant was convicted of carrying a pistol without a license in violation of D.C. Code 1967, § 22–3204.

Appellant was arrested during a routine stop and check of his vehicle. One of the officers who stopped the car in which appellant was a passenger shined his flashlight into the vehicle from the passenger side. He noticed a folded towel on the console between the front seats, and he observed appellant's hand moving toward it. As the towel had a "bulge" in it, the officer moved toward the front of the car, shining his flashlight through the windshield to more closely observe the towel, and then returned to the car window again. At this point he noticed the butt of a handgun under the towel and immediately ordered appellant out of the automobile. The officer then removed the towel along with the loaded gun.

Appellant contends that by shining the light through the windshield the officer exceeded reasonable bounds under the strictures of the fourth amendment. With this we cannot agree.

There is no contention made by appellant that the "routine stop and check," by itself, was unreasonable under the circumstances of this case. Appellant claims, however, that such routine spot-checks demand that

only one officer approach the stopped vehicle. The approach on the passenger side of the vehicle by the second officer strikes us as nothing more than a normal police precaution. And, from his position next to the vehicle, the officer may look inside and take notice of any objects in plain view. The fourth amendment was not violated merely because the officer looked through the passenger side of the windshield rather than confining his observations to what he viewed through the passenger window. The trial court correctly denied appellant's motion to suppress.

■ Appellant next contends that the D.C. recidivist statute, D.C.Code 1967, § 22–3204, is unconstitutional to the extent it recognizes a 10-year-old conviction in order to impose a sentence in excess of the normal one-year sentence under section 22–3215. Under section 22–3204, a prior conviction for violation of it, or conviction for any felony, authorizes imposition of a sentence not to exceed 10 years, whereas, if no such prior convictions exist, section 22–3215 limits the sentence to a maximum of one year. There is, appellant claims, no rational basis for imposing an increased sentence because of a conviction ten or more years prior to commission of the present offense. In this case, that prior offense was assault with a deadly weapon and assault on a police officer. The court below sentenced appellant to one to three years, a sentence markedly short of the 10-year maximum permitted by statute. We feel Congress could rationally find that felonious conduct followed ten years later by possession of an unlicensed pistol might justifiably warrant increased punishment. As we have found no cases to the contrary involving similar facts and similar statutes,[1] nor have such cases been brought to our attention by appellant, we find, on the facts of this case, appellant's contentions regarding the constitutionality of section 22–3204 to be without merit.

■ Finally, we reject appellant's claim that because the pistol was located on the console between the driver and appellant, and because the driver testified to ownership of the weapon, there was insufficient evidence to sustain a finding of constructive possession. The fact of constructive possession does not depend upon ownership. The location of the weapon in the car sufficiently demonstrated it to be "in such proximity . . . to be convenient of access and within reach."[2] Moreover, appellant's denial of knowledge of the weapon was controverted by the presence of ammunition in his coat pocket of the same caliber as the weapon. Consequently, the evidence adduced at trial was sufficient to establish constructive possession.

The judgment below is

Affirmed.

1. *Cf.* United States v. Marshall, 142 U.S. App.D.C. 167, 440 F.2d 195, cert. denied, 400 U.S. 909, 91 S.Ct. 153, 27 L.Ed. 2d 148 (1970) ; United States v. Clemons, 142 U.S.App.D.C. 177, 440 F.2d 205 (1970).

2. Waterstaat v. United States, D.C.App., 252 A.2d 507, 509 (1969) *quoting* Wilson v. United States, 91 U.S.App.D.C. 135, 136, 198 F.2d 299, 300 (1952) and Brown v. United States, 58 App.D.C. 311, 312, 30 F.2d 474, 475 (1929). *See* Porter v. United States, D.C.App., 282 A.2d 559 (1971) ; Hill v. District of Columbia, D.C.App., 264 A.2d 145 (1970) ; Kenhan v. United States, D.C.App., 263 A.2d 253 (1970).