**Lonnie Earl BROWN, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 6536.**

District of Columbia Court of Appeals.

Argued Feb. 5, 1973.

Decided April 23, 1973.

William Scott Bradbury, Arlington, Va., appointed by this court, for appellant.

William A. White, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry, William J. Hardy, and Joseph B. Valder, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM.

Appellant was convicted of receiving stolen property, D.C.Code 1967, § 22–2205,

in a nonjury trial and sentenced to 180 days in jail.

At trial the government showed that appellant had in his possession approximately 2,000 blank government identification cards. However, the government was unable to offer any evidence that the cards had been stolen.

One witness, Lieutenant Holt, a guard at the Government Printing Office, identified one government exhibit as a government identification card and a second exhibit as Standard Form 46, a government motor vehicle operator's identification card.[1] The former, he testified, is issued by the Civil Service Commission to different agencies and was printed by an outside commercial printer in 1966. The latter was printed by the Government Printing Office. Although he testified on direct examination that he was not aware of any way appellant could have obtained the cards, on cross-examination he testified he had no information that the cards had been stolen.

Q. Do you have a report that cards such as these were stolen from the Government Printing Office?

A. No sir. We don't use those in the Government Printing Office. They are printed for other agencies.

 The statute under which appellant was convicted requires proof that the items appellant possessed were stolen.

Any person who shall, with intent to defraud, receive or buy anything of value which *shall have been stolen* . . . knowing or having cause to believe the same to be so stolen . . . shall be imprisoned. . . . (Emphasis added.) [D.C.Code 1967, § 22–2205.]

The offense of receiving stolen property is composed essentially of four elements: (1) the property must be received, (2) at the time of its receipt the property must be stolen, (3) the receiver must have guilty knowledge that it is stolen property, (4) his intent in receiving it must be fraudulent. Jackson v. State, 10 Md.App. 337, 344, 270 A.2d 322, 326 (1970); Carter v. State, 10 Md.App. 50, 52, 267 A.2d 743, 745 (1970); cf. Nelson v. United States, D.C. Mun.App., 142 A.2d 604 (1958). In this case the government failed to introduce any evidence relating to the second element, namely, evidence that the goods had been stolen. Consequently, it did not meet its burden of proving beyond a reasonable doubt an element of the offense charged. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). For all that appears, the cards could have been discarded by an agency of the government or by the commercial printer. As the government introduced no proof regarding an essential element of the offense, the conviction must be reversed.[2]

Reversed with instructions to enter judgment of acquittal.

---

1. The arresting officer was unable to account for the custody of the cards during the time between arrest and trial and was unable to identify the exhibits as cards actually possessed by appellant.

2. In light of our disposition in this case, we do not reach appellant's other contentions.