George L. TUCKER, a/k/a George Brown, a/k/a Ronnie Blue, Appellant,

v.

UNITED STATES, Appellee.

John H. HALEY, Appellant,

v.

UNITED STATES, Appellee.

Nos. 12272, 12859 *.

District of Columbia Court of Appeals.

Argued No. 12859 March 2, 1979.

Decided Sept. 30, 1980.

* Submitted–No. 12272.

John C. Maginnis, III, Washington, D. C., appointed by this court, was on the brief for appellant Tucker.

Stephen A. Armstrong, Washington, D. C., appointed by this court, for appellant Haley.

Michele A. Goldfarb, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the briefs were filed, and John A.

Terry and John L. Kern, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee. Peter E. George and Noel Anketell Kramer, Asst. U. S. Attys., Washington, D. C., also entered an appearance for appellee.

Before NEBEKER and MACK, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

After a jury trial in April of 1977, both appellants were convicted of carrying a pistol without a license, D.C.Code 1973, § 22–3204, and receiving stolen property, D.C. Code 1973, § 22–2205. On the firearms convictions, appellant Haley was sentenced to a term of imprisonment of eight to twenty–six years and appellant Tucker was sentenced to a term of imprisonment of six to twenty years. Both appellants received concurrent sentences of imprisonment of three to twelve months on their convictions for receiving stolen property. They filed separate appeals, which have been consolidated in the interests of judicial economy. Because we conclude that the trial court erred in denying appellants' motions for acquittal on the charge of receiving stolen property, we reverse the convictions on that charge and vacate the judgments of sentence imposed thereon; we affirm the trial court in all other respects.

The pertinent facts are as follows. On the evening of August 19, 1976, Patrolmen Billy Wayne Vavrick and Douglas M. Monk received a radio call that a George Tucker, a murder suspect and fugitive from Baltimore, was armed and in the vicinity of 9th and U Streets, N.W. The fugitive was described as a Negro male, approximately five–feet eight inches, 140 pounds, with plaited hair and wearing a blue hat and a blue coat. The officers proceeded to the area in question and there observed appellant Tucker, who matched the description, alighting from a parked vehicle which contained appellant Haley and another male. Appellant Tucker was then stopped, questioned, and frisked by Officer Vavrick. During this time, Officer Monk approached

the parked car. The driver of the vehicle exited while appellant Haley remained seated on the passenger side of the front seat. Officer Monk, after asking appellant Haley to disembark, returned to his patrol scooter to secure a flashlight. When Officer Monk returned to the now–unoccupied automobile and shone his flashlight toward the interior of the vehicle, he observed a Colt .45 automatic pistol protruding from under an armrest on the front seat of the automobile. Officer Monk informed his fellow officer of the discovery and advised that appellant Tucker be placed under arrest. Subsequently, all three occupants of the car were taken into custody.

Testimony adduced at trial indicated that the pistol was operable, neither appellant possessed a license for the gun, and that appellant Tucker was observed in possession of the pistol three days before his arrest. No evidence was introduced indicating the identity of the registered owner of the gun, the value of the gun, or that the gun was "stolen."

On appeal, both appellants contend that the trial court erred in denying their motions for acquittal on the charge of receiving stolen property. We agree.

■ Generally, a motion for judgment of acquittal should be granted only if it is determined from evidence that, giving full play to the trier of fact to determine credibility, weigh evidence and draw justifiable inferences of fact, a reasonable mind could not fairly conclude guilt beyond a reasonable doubt. *Montgomery v. United States*, D.C.App., 384 A.2d 655 (1978); *In re W. K.*, D.C.App., 323 A.2d 442 (1974). The offense of receiving stolen goods [1] is composed essentially of four elements: (1) the property must be received; (2) at the time of receipt, the property must be stolen; (3) the receiver must have knowledge, or cause to be-

lieve, that it is stolen; and (4) his intent in receiving it must be fraudulent. *See Brown v. United States*, D.C.App., 304 A.2d 21 (1973). Additionally, the government must prove, with precision, the value of the property stolen. *Comber v. United States*, D.C.App., 398 A.2d 25 (1979).

■ In the instant case, the government concedes, and our review of the record supports the conclusion, that insufficient evidence was presented upon which a reasonable mind might fairly conclude appellants' guilt beyond a reasonable doubt on the charge of receiving stolen goods. So insubstantial was the government's case, that it even failed to establish the most fundamental element of the offense, *i. e.*, that the goods (the gun) was stolen. Under these circumstances, we hold that it was error for the trial court to deny appellants' motions for acquittal and accordingly, we reverse their respective convictions for that offense and vacate the judgments of sentence imposed thereon.

■ Appellant Haley also contends that the trial court erred in denying his motion for acquittal on the charge of possessing a pistol without a license. We find this contention meritless.

D.C.Code 1973, § 22–3204 states in part:

No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefore issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed.

We have previously stated that the offense of carrying a pistol without a license has three essential elements: (1) carrying an operable pistol, (2) without a license, and (3)

---

1. The offense of receiving stolen goods is defined in D.C.Code 1973, § 22–2205 as follows:

    Any person who shall, with intent to defraud, receive or buy anything of value which shall have been stolen or obtained by robbery, knowing or having cause to believe the same to be so stolen or so obtained by robbery, if the thing or things received or bought

shall be of the value of $100 or upward, shall be imprisoned for not less than one year nor more that ten years; or if the value of the thing or things so received or bought be less than $100, shall be fined not more that $500 or imprisoned not more than one year, or both.

with intent to do those two acts. *See Jackson v. United States*, D.C.App., 395 A.2d 99 (1978). Because the weapon was not in the physical possession of appellant Haley at the time of discovery, it was incumbent upon the government to prove that he constructively possessed it. To prove constructive possession, evidence must be adduced establishing that the pistol was conveniently accessible to appellant and that he knew of its presence. *Johnson v. United States*, D.C.App., 309 A.2d 497 (1973); *Jones v. United States*, D.C.App., 299 A.2d 538 (1973). In this endeavor, it is not necessary that the government offer direct proof of knowledge; the jury may infer knowledge from circumstantial evidence. *See Johnson v. United States, supra.*

At trial, the government presented evidence establishing that the weapon in question was lying in plain view partially under the armrest on the front seat of the automobile next to where appellant Haley had been seated just moments before. We conclude that such evidence of proximity was sufficient to permit the jury to infer convenient access, and that the location of the weapon in plain view was sufficient to permit the jury to infer that appellant knew of its presence. In light of the above, and recognizing that we will not reverse a conviction on the facts as long as there is evidence which reasonably permits a finding of guilt, *see Kenhan v. United States*, D.C.App., 263 A.2d 253 (1970), we hold that the trial court did not err in denying appellant Haley's motion for acquittal on the charge of carrying a pistol without a license. *Accord Johnson v. United States, supra* (defendant in rear seat, pistols under passenger's side of front seat); *Jones v.*

*United States, supra* (defendant in front passenger seat, gun on front–seat console); *Kenhan v. United States, supra* (defendant in driver's seat, gun between backrest and seat portion of driver's seat).

Appellant Haley's final contention [2] is that the trial court erred in failing to suppress the Colt .45 pistol which appellant characterizes as the fruit of an illegal search. This contention is without merit. The court found that the gun was in plain view. A seizure from an automobile of an object in plain view by an officer who was lawfully in a position to observe the object is a recognized exception to the Fourth Amendment's search warrant requirement. *Crawford v. United States*, D.C.App., 369 A.2d 595 (1977); *Hughes v. United States*, D.C.App., 363 A.2d 284 (1976). Our review of the record supports the conclusion that Officer Monk was lawfully in a position to observe the pistol and that the seizure of the pistol was justified under the "plain view" exception to the Fourth Amendment's search warrant requirement. *Accord Jones v. United States, supra.*

Accordingly, we reverse the judgments of sentence imposed on appellants' respective convictions for receiving stolen property, and we affirm the judgments of sentence on their convictions for carrying a pistol without a license.

*So ordered.*

---

**2.** In addition to the issues discussed *supra*, appellant Tucker contends that he was denied a fair trial due to the trial court's failure to eliminate its instruction to the jury on the charge of receiving stolen property, and appellant Haley contends that the trial court was responsible for numerous errors of commission and omission in its instructions to the jury thereby denying him a fair trial. After reviewing the record, we conclude that these contentions are devoid of merit.