**Hayward G. TYREE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 92–CF–78.**

District of Columbia Court of Appeals.

Argued May 11, 1993.
Decided July 29, 1993.

---

**13.** We note again that no malpractice was alleged with respect to the treatment of the fetus

after its emergence.

Clark U. Fleckinger, II, Silver Spring, MD, for appellant.

D. Shane Read, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty. at time brief was filed, John R. Fisher, Kevin F. Flynn and Thomas C. Black, Asst. U.S. Attys., Washington, DC, were on the brief, for appellee.

Before ROGERS, Chief Judge, STEADMAN and KING, Associate Judges.

KING, Associate Judge:

Appellant pleaded guilty to carrying a pistol without a license ("license offense")[1] and possession of an unregistered firearm ("registration offense").[2] He was sentenced to consecutive one year terms for each offense; the sentences were suspended and appellant was placed on probation for two years. Appellant claims that these sentences violate the Double Jeopardy Clause because his conduct constituted a single incident. Thus, he claims it was error to impose consecutive sentences and, therefore, the sentences must merge. We disagree and affirm.

The operative facts are not in dispute. On June 18, 1991, police were called to 4854 Burroughs Avenue, N.E., to respond to an altercation. Upon arrival, witnesses directed the officers to a van parked nearby which was owned by appellant. A handgun was recovered from inside the van. Appellant admitted that the weapon was his, that it was not registered, and that he did not have a license to carry it. He was charged with a number of offenses stemming from the incident but, pursuant to a plea agreement, he entered pleas of guilty to the license offense and the registration offense and was sentenced as indicated.

Appellant contended in his brief, citing *Arnold v. United States*, 467 A.2d 136 (D.C.1983), that under the evidence presented, the same facts necessarily proved both offenses and the offenses therefore must merge. The government responded by citing *Byrd v. United States*, 598 A.2d 386, 390 (D.C.1991) (en banc), where we observed that the "pure fact-based analysis of [*Arnold* and its progeny] can [not] survive the recent reaffirmation by the Supreme Court of the proper application of

---

1. D.C.Code § 22–3204(a) (1992 Supp.). It provides, in pertinent part:
   (a) No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed.

2. D.C.Code § 6–2311(a) (1981). It provides, in pertinent part:

   (a) Except as otherwise provided in this chapter, no person or organization shall within the District receive, possess, have under his control, transfer, offer for sale, sell, give, or deliver any destructive device, and no person or organization shall, within the District possess or have under his or its control any firearm, unless such person or organization is the holder of a valid registration certificate for such firearm.

the *Blockburger*[3] test [as set forth] in *Grady v. Corbin*[4].... Rather, the focus should [be] on ... whether each statutory provision require[s] proof of an element that the other [does] not." Because of this observation and our subsequent cases[5] interpreting *Byrd,* counsel for appellant conceded at oral argument that his fact-based argument based on *Arnold* has no continuing vitality. We agree.

At oral argument, appellant presented a new theory in support of his merger claim that had not been raised in the trial court or in his brief. He observed that the regulations, which were promulgated to implement the license and registration provisions of the two statutes, require that a license to carry be issued only for a specific pistol. *See* 24 DCMR § 2304.3 (1985).[6] Further, the regulations also provide that no license can be issued for a pistol unless the pistol is itself registered. *See* 24 DCMR § 2304.15 (1985).[7] Therefore, he contended that the act of becoming licensed to carry a pistol functionally is the same as that of obtaining a registration for the same pistol. In short, appellant is essentially arguing that because of these requirements the registration offense is included within the license offense, meaning that the registration offense must necessarily be an offense included within the license offense. *See* Super.Ct.Crim.R. 31(c). But that cannot be so, however, since the registration offense is never proven when the license offense is, unless additional evidence is presented, i.e., evidence that the pistol has not been registered.

We start our analysis by observing that if someone is not licensed to carry a pistol, it does not necessarily follow that the pistol in question is not registered. It may be that in order to obtain a license to carry a particular pistol one must have a registration for that same pistol. That is not the same, however, as saying if one has no license, one therefore has no registration. Indeed, it seems fairly clear that one could lawfully have a registration for the pistol and not have a license to carry it. Thus, an unlicensed person carrying a registered pistol on the street would be guilty of the license offense but not the registration offense. Moreover, it can hardly be said that the registration offense is included within the license offense since the registration offense's coverage is broader on the dominion and control element (possession—broad—versus carrying—narrower), the weapon element (firearm versus pistol)[8] and the location of offense element (anywhere in the District versus outside the home, place of business, etc.). And just as one who carries a pistol may be guilty of the license offense and not the registration offense as we observed above, a person carrying an unlicensed and unregistered pistol in his own home would be guilty of the registration offense but not the license offense because of the home, place of busi-

---

3. *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

4. 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In *United States v. Dixon,* — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the Supreme Court overruled *Grady* to the extent that it imposed a "same-conduct" test in Double Jeopardy Clause analysis. *Dixon,* however, reaffirmed that the *Blockburger* test's focus is on the statutory elements, i.e., whether each statutory provision requires proof of an element the other does not. *Id.* at —, 113 S.Ct. at 2859–60.

5. *See also Robinson v. United States,* 608 A.2d 115, 116 (D.C.1992) (noting that the pure fact-based analysis did not survive after *Byrd* ); *Thomas v. United States,* 602 A.2d 647, 650–52 (D.C.1992) (applying statutory analysis as mandated by *Byrd,* and determining that provisions not only required proof of a different element, but also differed both in scope and penalty);

*Freeman v. United States,* 600 A.2d 1070, 1073 (D.C.1991) (assault with a dangerous weapon and possession of a firearm require proof of an element the other does not and each "addresses a different societal interest").

6. It provides:

   Only one (1) weapon shall be carried pursuant to a license. The description and serial number of the weapon shall be part of the license. A new license shall be required for each different weapon carried.

7. It provides:

   An applicant shall register the pistol for which the license will apply.

8. Section 3204 defines two separate and distinct offenses: (1) carrying a pistol without a license (CPWL) and (2) carrying a dangerous weapon (CDW). *See supra* note 1.

ness, etc., exception to the license offense's coverage.[9]

Appellant's argument also fails under the *Blockburger* analysis which, as we observed earlier in our discussion of *Byrd*, holds that: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger, supra,* 284 U.S. at 304, 52 S.Ct. at 182 (citation omitted). The *Blockburger* rule was codified in D.C.Code § 23–112 (1989). *See Whalen v. United States,* 445 U.S. 684, 691–92, 100 S.Ct. 1432, 1437–38, 63 L.Ed.2d 715 (1980). Thus, in order to avoid merger under the *Blockburger* test, and § 23–112, each offense must require proof of a fact that the other does not. That is clearly the case with these two offenses. For example, the license offense requires proof of at least four facts which proof of the registration offense does not.[10] On the other hand, the registration offense requires proof of non-registration which the license offense does not. Thus, under *Blockburger,* the two offenses do not merge.[11]

In sum, appellant contends that consecutive sentences for these offenses cannot be imposed. This court squarely rejected an identical claim in *Irby v. United States,* 585 A.2d 759, 766 n. 11 (D.C.1991), where we held that the registration offense and the license offense each require "proof of an additional fact which the other offense does not." *See also Copening v. United States,* 353 A.2d 305, 308 n. 6 (D.C.1976). Therefore the offenses do not merge. Because the offenses do not merge, the trial judge was free to impose consecutive sentences. *See* D.C.Code § 23–112 (1989).

Finally, we reject appellant's novel theory under which he claims that, because of the applicable regulations, when he committed the license offense, he also committed the registration offense, and, therefore, consecutive sentences would impinge on his constitutional right to be free from multiple punishments. The regulations promulgated to implement the separate statutory provisions are complementary to each other. Taken together they provide a broader regulatory scheme for controlling the handgun population than either affords alone. Although the statutes share common goals, under a *Blockburger* statutory elements analysis, the offenses created by the statutes are separate and distinct. *See United States v. Woodward,* 469 U.S. 105, 105 S.Ct. 611, 83 L.Ed.2d 518 (1985) (noting that when legislature is silent about separate punishment for two different offenses arising from same conduct, strict *Blockburger* element analysis is proper). Therefore, the offenses do not merge. Accordingly, since we conclude that the trial court was empowered to impose consecutive sentences for these two offenses, the judgment is

*Affirmed.*

---

9. Furthermore, a person, not licensed to carry a pistol, who is found in a vehicle with an unregistered pistol might be guilty of the registration offense if the pistol is within the constructive possession of the person but not the license offense if the pistol was not within "proximity to the person as to be convenient of access and within reach." *Brown v. United States,* 58 App. D.C. 311, 312, 30 F.2d 474, 475 (1929); *see also Halicki v. United States,* 614 A.2d 499, 503 n. 9 (D.C.1992) (possession is broader than carrying on or about the person). Therefore, the pistol could be placed at some locations in the van which would result in a registration offense conviction but not a license offense conviction.

10. For example, the offense of carrying a pistol without a license requires proof of:

1. a pistol (as opposed to any firearm for the registration offense)
2. non-licensure (no such proof is required for the registration offense)
3. carrying on or about the person (as opposed to possession—*see e.g., Halicki v. United States, supra,* note 9 (possession is broader than carrying on or about the person)).
4. dominion and control other than in the home, place of business or on other land owned (as opposed to anywhere in the District for the registration offense).

11. This analysis also applies if one considers the elements of the two offenses only in the terms charged in the indictment.