Terry W. HENDERSON, Appellant,

v.

UNITED STATES, Appellee.

No. 95–CF–601.

District of Columbia Court of Appeals.

Argued Sept. 24, 1996.

Decided Dec. 12, 1996.

Sandra Levick, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Leonard Bailey, Attorney, Department of Justice, with whom James Reynolds, Attorney, Department of Justice, Washington, DC, was on the brief, for appellee.

Before WAGNER, Chief Judge, and SCHWELB and KING, Associate Judges.

SCHWELB, Associate Judge:

Terry Henderson was convicted by a jury, *inter alia,*[1] of carrying a pistol without a license ("CPWOL"), in violation of D.C.Code § 22–3204(a) (1996). His sole contention on appeal is that the government's evidence was insufficient to sustain his CPWOL conviction because the pistol was located in the trunk of his car, and not "on or about" his person as required by § 22–3204(a). We agree and reverse.

## I.

At trial, the government attempted to prove that Henderson and his co-defendant, Marvin Greene, committed an armed assault on Charles Ferguson and Richard Fogel, in an effort to recover from these two young men a car that belonged to Greene's girlfriend. According to the prosecution witnesses, Henderson was armed with a black and silver handgun and struck Ferguson on the head with it. Henderson denied being armed during the confrontation. He testified that he struck Ferguson with a black and silver radio, rather than with a handgun, and that he did so only after Ferguson had threatened him with a knife.[2]

Police officers arrived on the scene to investigate. They requested, and received, Henderson's consent to search his automobile. Henderson provided the officers with a set of keys which opened the doors of the vehicle but not the trunk. The officers searched the interior of the car, but they did not find a weapon. They attempted to open

---

1. Henderson was also convicted of unlawful possession of an unregistered firearm (UF), in violation of D.C.Code § 6–2311(a) (1995), and of unlawful possession of ammunition (UA), in violation of D.C.Code § 6–2361(a) (1995). He has not appealed from these convictions. Henderson and his co-defendant, Marvin Greene, were acquitted of assault with a deadly weapon, D.C.Code § 22–502 (1996), and of several other charges related to the alleged assault.

2. Henderson's testimony in this respect was corroborated in significant respects by prosecution witnesses. Officer William Smith III testified that, when he arrived on the scene, Henderson was holding a radio in his hand. Ferguson acknowledged that he was carrying a knife at the time of the incident.

the trunk by pressing a button under the dashboard, but the trunk did not open.

Henderson was arrested and placed in a police transport vehicle. A further search of the interior of Henderson's car resulted in the discovery, under a floor mat, of a second set of keys. With one of these keys, the officers were able to open the trunk. Inside the trunk, they found a loaded black and silver pistol in an open metal crate. The pistol was not registered, and Henderson had no license to carry it.

Henderson testified that he knew that the loaded pistol was in the trunk of the car, and he admitted that the weapon belonged to him. He asserted that, as a former special police officer, he had previously been licensed to carry a pistol. Henderson claimed that at the time of his altercation with the complainants, he was on the way to the Seventh District police station to turn in the weapon to law enforcement authorities.

Henderson's attorney moved for a judgment of acquittal at the conclusion of the prosecution's case, and again after all of the evidence had been presented. The judge denied each of these motions. With respect to the CPWOL count, the judge instructed the jury, in pertinent part, that

> a person carries a pistol on his person if he is in actual possession of it and that means he knowingly has direct physical control over it. A person also carries a pistol ... if he is in constructive possession of it. This means that he knowingly has both the power and the intent at a given time ... to exercise control over a pistol.

The Government must prove that *it was convenient of access to the Defendant and within his reach.* So for carrying a pistol without a license it has to be that the Defendant carried the pistol, and ... that means he either had it in his hand or ... if he didn't have it in his hand it was convenient of access and within his reach and that he had both the power and intent at some given time to take control of it.

(Emphasis added.) There was no objection to this instruction.[3]

In the trial court, the prosecution asserted that Henderson violated the CPWOL statute by holding the pistol in his hand and striking Ferguson with it. As a fall-back position, the government argued that even if Henderson never took the weapon out of the locked trunk of his car during his encounter with the complainants, he "carried" the pistol, within the meaning of the statute, by transporting it in the trunk.[4] In order to avoid any unanimity problem with respect to the prosecution's double-barreled approach, the judge presented the jury with a verdict form which, as completed by the jury, read as follows:

> 5a. As to the charge of carrying a pistol without a license in the trunk of his car, on or about February 24, 1994, we the jury find defendant Terry W. Henderson
>
> __ Not Guilty X Guilty
>
> 5b. As to the charge of carrying a pistol without a license on his person, on or about February 24, 1994, we the jury find the defendant Terry W. Henderson
>
> X Not Guilty __ Guilty

**3.** The judge's language was taken from the "Redbook" instruction, Criminal Jury Instructions for the District of Columbia, No. 4.70 (4th ed.1993). As more fully set forth on pp. 921–922, *infra,* however, the second quoted sentence of the instruction is not consistent with the requirements of § 22–3204. Under that statute, the operative act is not "carries," but carries *"on or about the person,"* a concept not necessarily equatable with "constructive possession," the term used in the instruction given by the judge. A more accurate statement of the applicable law would be the following:

> A person carries a pistol about his or her person if it is convenient of access to him or her, and if he or she knowingly has the power

and the intention, at a given time, to exercise direct physical control over it.

The use of a sentence along these lines would obviate the need for the italicized sentence in the judge's instruction.

**4.** Henderson testified that the pistol was previously at his apartment in the District of Columbia and that on the day of his arrest, he carried it from his apartment to his automobile. The pistol was apparently loaded at the time. The prosecution did not, however, focus on any possible violation of the CPWOL statute which may have occurred when Henderson was carrying the weapon to his vehicle, and the verdict form did not reflect this possible basis for conviction.

Henderson, as we have seen, was convicted only of CPWOL and of the related registration offenses, UF and UA. By its verdict, the jury effectively rejected the prosecution's theory that Henderson had assaulted Ferguson with the pistol. At the same time, the jury also declined to credit Henderson's claim of "innocent possession," which was based on the testimony that he was about to surrender the weapon to the police. *See Hines v. United States,* 326 A.2d 247, 248 (D.C.1974). On appeal, Henderson does not ask this court to second-guess the jury with respect to his "innocent possession" defense, and contends only that the prosecution failed, as a matter of law, to prove the elements of CPWOL.

## II.

The CPWOL statute provides, in pertinent part, as follows:

No person shall carry within the District of Columbia either openly or concealed *on or about their* [sic] *person,* a pistol, without a license issued pursuant to District of Columbia law. . . .

D.C.Code § 22–3204(a) (emphasis added). Henderson argues that, as a matter of law, a pistol stored in the trunk of a vehicle is not being carried "on or about [the] person," and that the government therefore failed to adduce sufficient evidence to sustain his conviction for CPWOL. We agree.

The meaning of the statutory language italicized above has been the subject of judicial consideration in this jurisdiction for many years. The seminal decision is *(Pomeroy) Brown v. United States,* 58 App. D.C. 311, 30 F.2d 474 (1929). The statute in effect when that case was decided—the predecessor of § 22–3204(a)—made it unlawful for an individual to "have concealed about his person" a deadly or dangerous weapon. The principal issue in the case was whether a pistol located in a "scabbard" under the front seat of an automobile was "concealed about" the defendant's person. The judge instructed the jury that the prosecution was not required to show that the pistol was "*on* the defendant's person." Rather, the judge told the jurors, the statute would be violated if

the pistol was "within the reach of the defendant." 58 App. D.C. at 312, 30 F.2d at 475.

The defendant was convicted and, on appeal, he again argued that the statute required the prosecution to prove that the pistol was "on" his person. The appellate court, however, affirmed his conviction. The court stated, *inter alia:*

The language is not "concealed *on* his person," but "concealed about his person"; that is, concealed near, *in close proximity to him, and within his convenient control and easy reach,* so that he could promptly use it, if prompted to do so by any violent motive.

*Id.* at 312, 30 F.2d at 475 (emphasis added to language after semi-colon) (quoting *State v. McManus,* 89 N.C. 555, 558–59 (1883)).

In *Wilson v. United States,* 91 U.S.App. D.C. 135, 198 F.2d 299 (1952), the question presented on appeal was whether a loaded pistol under the driver's seat of the defendant's automobile was being carried "on or about his person," in violation of § 22–3204. The court, quoting liberally from *(Pomeroy) Brown,* held that the government was required to prove that the weapon was "in such proximity to the [defendant] as to be convenient of access and within reach." *Id.* at 136, 198 F.2d at 300. Because the trial judge had effectively taken from the jury the question whether the evidence met this test, the defendant's conviction was reversed, and the case was remanded for a new trial.

The *Wilson* decision is binding on us, *see M.A.P. v. Ryan* 285 A.2d 310, 312 (D.C.1971), and in our view it controls this case. Moreover, the framework for analysis enunciated in *(Pomeroy) Brown* and adopted in *Wilson* is consistent with the construction that courts have given similar statutes in other jurisdictions. *See, e.g., Corbin v. State,* 237 Md. 486, 206 A.2d 809, 812 (1965); *State v. Jordan,* 495 S.W.2d 717, 720 (Mo.Ct.App.1973); *accord,* 94 C.J.S. *Weapons* § 8 (1956 & 1996 Supp.) ("[t]he words 'on or about the person' in a statute prohibiting the carrying of concealed weapons mean carrying on the person, or *in such proximity to the person, as to be convenient of access and within immediate physical reach.*") (Emphasis added.)

The government argues that the pistol was in Henderson's constructive possession, and that this was sufficient to prove that the CPWOL statute was violated.[5] We disagree. "[W]hile the concepts of 'possession' and 'carrying' [on or about one's person] are indeed similar, ... they are not identical." *Deneal v. United States,* 551 A.2d 1312, 1317 (D.C. 1988). Indeed, as we recently stated in *Tyree v. United States,* 629 A.2d 20 (D.C.1993),

> [a] person, not licensed to carry a pistol, who is found in a vehicle with an unregistered pistol might be guilty of the registration offense if the pistol is within the constructive possession of the person *but not the license offense if the pistol was not within "[such] proximity to the person as to be convenient of access and within reach." (Pomeroy) Brown v. United States,* 58 App. D.C. 311, 312, 30 F.2d 474, 475 (1929); *see also Halicki v. United States,* 614 A.2d 499, 503 n. 9 (D.C.1992) (possession is broader than carrying on or about the person). Therefore, the pistol could be placed at some locations in the van which would result in a registration offense conviction but not a license offense conviction.

*Id.* at 23 n.9 (emphasis added); *see also Walker v. State,* 631 N.E.2d 1, 2 (Ind.Ct.App. 1994) and *State v. Crumal,* 54 Or.App. 41, 633 P.2d 1313, 1316 (1981) (differentiating between "carrying" offenses and "constructive possession offenses").[6]

Moreover, if we were to adopt the government's proffered interpretation of the CPWOL statute, then constructive possession alone would be sufficient to sustain a conviction, and the words "on or about [the] person" would be rendered entirely superfluous. "Judges should hesitate ... to treat [as surplusage] statutory terms in any setting, and resistance should be heightened when the words describe an element of a criminal offense." *Bailey v. United States,* —— U.S. ——, —— – ——, 116 S.Ct. 501, 506–07, 133 L.Ed.2d 472 (1995) (quoting *Ratzlaf v. United States,* 510 U.S. 135, 139, 114 S.Ct. 655, 658, 126 L.Ed.2d 615 (1994)) (alteration in original). The decisions in *(Pomeroy) Brown* and *Wilson* give effect to the critical language of the statute, and we are constrained to adhere to the teaching of those cases as to what § 22–3204(a) means.

**III.**

Finally, the government contends in its brief that, even under the "convenient of access and within reach" standard, the evidence was sufficient to sustain Henderson's conviction for CPWOL:

> [The handgun in this case] was loaded, operable, and not stored in a closed case or container. Once the truck was opened, the firearm was readily accessible and ready for use.... The practical example of a traffic altercation illustrates how a reasonable juror, or this [c]ourt, could conclude that a pistol in the trunk of a car is also "within reach." If two drivers alighted from their cars and their exchange turned

---

5. The government relies on cases such as *United States v. Ross,* 920 F.2d 1530, 1536 (10th Cir. 1990), in which the court held that a revolver which was transported in the locked trunk of the defendant's car was being "carried" within the meaning of 18 U.S.C. § 924(c)(1). That statute, however, prohibits "using or carrying" a firearm during or in relation to a crime of violence. Unlike our CPWOL statute, it contains no requirement that the firearm be carried "on or about [the] person."

6. The government relies on several cases in which this court has affirmed CPWOL convictions on the basis of a "constructive possession" analysis. In each of these cases, however, the weapon was not only in the defendant's constructive possession but also reasonably accessible to the defendant. *See, e.g., (William) Brown v. United States,* 546 A.2d 390, 392 (D.C.1988) (defen-

dant in front passenger seat; handgun behind two front seats); *Tucker v. United States,* 421 A.2d 32, 33–34 (D.C.1980) (defendant in front passenger seat, handgun under armrest on front seat); *Johnson v. United States,* 309 A.2d 497, 499 (D.C.1973) (defendant in rear seat; handguns under front seat); *Jones v. United States,* 299 A.2d 538, 538 (D.C.1973); (defendant passenger in car; handgun on console between front seats) *Holley v. United States,* 286 A.2d 222, 222–23 (D.C.1972) (defendant in right front seat; handguns in pockets of coat on backseat); *Porter v. United States,* 282 A.2d 559, 560 (D.C.1971) (defendants in front seat; handgun under front passenger seat). Proof of constructive possession *has never been held to be sufficient in a case* like this one, in which the weapon was neither immediately accessible nor within Henderson's reach.

violent, one of those drivers could merely step to his car, open his trunk with his keys, and immediately produce a loaded firearm. Such actions would take mere moments.

In applying the standard articulated in *(Pomeroy) Brown* and its progeny, we have focused on the question whether "the location of the revolver ... presented *an obstacle* such as to deny appellant convenient access to the weapon or place it beyond his reach." *Porter, supra* note 6, 282 A.2d at 560–61 (emphasis added).[7] In this case, the handgun was in the locked trunk of Henderson's car. To gain access to the weapon, Henderson would have had to alight from the car, walk to the trunk, open the trunk, and pick up the pistol.[8] Viewing the evidence, as we must, in the light most favorable to the prosecution, and drawing all reasonable inferences in the government's favor, *see, e.g., Curry v. United States,* 520 A.2d 255, 263 (D.C.1987), we conclude that the location of the pistol in the locked trunk presented an "obstacle" to Henderson's ready access, *Porter, supra,* 282 A.2d at 560–61, and that the weapon was not "convenient of access and within reach," *Wilson, supra,* 91 U.S.App. D.C. at 136, 198 F.2d at 300. The prosecution thus failed to prove that the pistol was "on or about [Henderson's] person" within the meaning of D.C.Code 22–3204.[9] Accordingly, Henderson's conviction for CPWOL is

reversed, and the case is remanded to the trial court with directions to enter an order of acquittal with respect to that charge.

*So ordered.*

---

**7.** The standard articulated in *(Pomeroy) Brown* [and applied in *Wilson* and *Porter*] "effectuated the policy of the statute to prevent a person's having a pistol or dangerous weapon *so near him or her that he or she 'could promptly use it, if prompted to do so by any violent motive.'*" See CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, *Commentary to* No. 4.70 (4th ed.1993) (quoting *(Pomeroy) Brown, supra,* 58 App. D.C. at 312, 30 F.2d at 475) (emphasis added). We conclude as a matter of law that a handgun located in the locked trunk of a car is not "promptly" accessible to someone sitting inside the cab of the vehicle.

**8.** Moreover, it would first have been necessary for Henderson to retrieve the spare key, which was under the floor mat.

**9.** Our conclusion is bolstered by the clear weight of authority in other jurisdictions. *See, e.g., Walker, supra,* 631 N.E.2d at 2 (evidence insufficient to support conviction because a handgun in the trunk of a car is not carried "on or about" the person); *State v. Brown,* 301 Or. 268, 721

P.2d 1357, 1358 n. 1 (1986) (en banc) (a firearm in the trunk of a car is not "readily accessible about the person") (dictum); *Jordan, supra,* 495 S.W.2d at 721 (a weapon in the trunk of a car is "not within reach and convenient control of the defendant, or in such proximity as to be conveniently accessible and within immediate physical reach"); *People v. Bastien,* 19 Ill.App.3d 773, 312 N.E.2d 795, 795 (1974) (evidence insufficient to support conviction where "defendant would have been required to stop automobile, walk around to rear of automobile, insert key in lock and open trunk in order to gain access to pistol"); *cf. People v. Cook,* 46 Ill.App.3d 511, 5 Ill.Dec. 81, 83, 361 N.E.2d 81, 83 (1977) (conviction reversed because "as a matter of law the gun [which was located under the hood of the car] was not immediately accessible"). *But see People v. Jastrzemski,* 196 Ill.App.3d 1037, 143 Ill. Dec. 648, 650, 554 N.E.2d 583, 585 (1990) (handgun in engine compartment was "on or about" defendant's person).