**Tully Hamilton WASHINGTON,**
**Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11–CF–997.**

District of Columbia Court of Appeals.

June 7, 2012.

Before GLICKMAN and THOMPSON, Associate Judges, and REID, Senior Judge.

## JUDGMENT

This matter comes to this court on appellee's motion for summary affirmance of the sentencing order entered after appellant's probation was revoked and appellant's opposition. Appellant was convicted of Carrying a Pistol Without a License ("CPWL"), Unlawful Possession of a Firearm by a Felon ("UPF"), Unregistered Firearm ("UF"), and Unlawful Possession of Ammunition ("UA") for possessing a pistol in a public alley.[1] Appellant appealed his original convictions and this court upheld his convictions.[2]

■ The only issue prompting this published order is whether appellant's convictions for CPWL and UF merge in light of amendments to the District's gun control laws following the Supreme Court's decision in *Heller*,[3] which he claims have undermined part of this court's merger analysis in *Tyree v. United States*.[4] In addition, appellant argues that his convictions for UPF and UF merge because, as a felon, he could not register a firearm, and thus, he violated both the UPF and UF statutes with the same act of possessing a firearm. However, neither the changes to the statutory scheme post-*Heller* nor *Heller* itself affects the essential holding of *Tyree* that CPWL and UF do not merge under the *Blockburger* test.[5] Similarly, appellant's UPF and UF convictions do not merge under *Tyree* and *Blockburger*.[6]

■ "The Double Jeopardy Clause prohibits a second prosecution for a single crime and protects against multiple punishments for the same offense."[7] However, it "does not prohibit separate and cumulative punishment for separate criminal acts."[8] To determine "whether multiple convictions are constitutionally permissible for criminal conduct which violates two distinct statutory provisions, absent a

---

1. Judge Rigsby issued consecutive sentences of 32 months for CPWL; 36 months for UPF; six months for UF; and six months for UA; and three years of supervised release for the CPWL conviction.

2. *Washington v. United States*, No. 09–CF–221, 2 A.3d 1093 (Aug. 14, 2010).

3. *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) (holding that the District's total ban on handgun possession in the home violates the Second Amendment).

4. 629 A.2d 20 (D.C.1993).

5. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

6. *See also Turner v. United States*, 684 A.2d 313, 315–16 (D.C.1996) (possession of a prohibited weapon (PPW) and possession of an unregistered firearm (UF) convictions do not merge under *Tyree* and *Blockburger* ).

7. *Sanchez–Rengifo v. United States*, 815 A.2d 351, 354 (D.C.2002) (quotations and citations omitted).

8. *Id.* (quotation omitted).

clearly contrary legislative intent, this court applies the *Blockburger* test."[9] Under the *Blockburger* test, whether two offenses merge depends upon whether each requires proof of a fact which the other does not.[10] Further, applying the *Blockburger* test requires a review of the statutory elements of the offense as opposed to the specific facts of the case.[11] Here, these three offenses are distinct offenses because each requires an element that the other does not.

To establish CPWL, the government must demonstrate that 1) the defendant carried a pistol, either openly or concealed on his person, outside the home or business and 2) without a license to do so.[12] To prove UF, the government must show that the defendant knowingly possessed a firearm; and 2) that firearm had not been registered as required by law.[13] Lastly, to prove UPF, the government must show that 1) the defendant had been convicted of a felony and 2) that he owned or kept a firearm, or that he had a firearm in his possession or under his control.[14] Each of these offenses requires the finding of a different element: CPWL requires that the weapon be "carried," UF requires that the weapon be unregistered, and UPF requires that the individual possessing the weapon be a felon. *Heller* does not change this *Blockburger* analysis; if *Heller* were applicable here (which it is not, if only because appellant carried his handgun outside his home), appellant's CPWL conviction might be invalid, but not on merger grounds. Therefore, the holding in *Tyree* has not been overruled or otherwise affected by *Heller* and subsequent statutory amendments passed to implement the *Heller* decision.

Accordingly, on consideration of appellee's motion for summary affirmance, the opposition thereto, appellant's brief and appendix, and the record on appeal, it is

ORDERED that appellee's motion for summary affirmance is granted. It is

FURTHER ORDERED and ADJUDGED that the judgment on appeal be, and hereby is, affirmed.

9. *Id.* (citations omitted).

10. *Id.* (quotation omitted).

11. *Id.* (citation omitted).

12. D.C.Code § 22–4504(a)(1) (2001); *McCullough v. United States,* 827 A.2d 48, 58 (D.C. 2003).

